BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
BLAIR A. NICHOLAS   (Bar No. 178428)
TIMOTHY A. DELANGE   (Bar No. 190768)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
     -and-
DAVID L. WALES
JAI K. CHANDRASEKHAR
LAUREN A. McMILLEN
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | Case No. 11-ML-02265-MRP (MANx)<br><br>**DEXIA PLAINTIFFS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO REMAND TO NEW YORK STATE COURT**<br><br>Courtroom:   12<br>Judge:        Hon. Mariana R. Pfaelzer<br>Hearing Date: November 10, 2011 |
| DEXIA HOLDINGS, INC., *et al.*,<br><br>            Plaintiffs,<br><br>     v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>            Defendants. | Case No. 11-CV-07165-MRP (MANx) |

# **TABLE OF CONTENTS**

    Page

TABLE OF AUTHORITIES ................................................................................... ii

I. INTRODUCTION .............................................................................................1

II. ARGUMENT .....................................................................................................3

    A. Removal Was Improper Under "Related to" Bankruptcy Jurisdiction ..................................................................................3

        1. Countrywide Home Did Not Properly Preserve Its Rights to Indemnity With Respect to the Claims Asserted in This Action ..................................................................................3

        2. Countrywide Home's Purported Right to Indemnity Is Prohibited as a Matter of Law ..................................................................................5

    B. If Removal Was Proper, Equitable Remand Is Appropriate ..................................................................................5

        1. The Court's Decision in *FHLB Chicago* Supports Remand ..................................................................................5

        2. Every Equitable Consideration Weighs in Favor of Remand ..................................................................................7

III. CONCLUSION .................................................................................................10

## **TABLE OF AUTHORITIES**

Case                                                                                                                         Page

*Allstate Ins. Co. v. Countrywide Fin. Corp.*,
    No. 11-cv-05236-MRP, 2011 WL 5067128 (C.D. Cal. Oct. 21, 2011) ...............6

*Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*,
    No. 11 Civ. 2232-NRB, 2011 WL 4965150 (S.D.N.Y. Oct. 19, 2011) ...........3, 4

*Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co.*,
    Civ. A. No. 10-11376-NMG, 2011 WL 3679154 (D. Mass. Aug. 19, 2011) ........................................................................................................7

*CBS Corp. v. Eaton Corp.*,
    No. 07 Civ. 11344 (LBS), 2010 WL 1375169 (S.D.N.Y. Mar. 30, 2010)...........5

*Charles Schwab Corp. v. Banc of Am. Sec. LLC*,
    No. 10-CV-03489-LHK, 2011 WL 864978 (N.D. Cal. Mar. 11, 2011) ..............7

*Charles Schwab Corp. v. BNP Paribas Sec.*,
    No. 10-cv-04030-SI, 2011 WL 724696 (N.D. Cal. Feb. 23, 2011)..............2, 7, 9

*Charles Schwab Corp. v. J.P. Morgan Sec. Inc.*,
    No. 10-04523-JSW, 2011 WL 1642459 (N.D. Cal. May 2, 2011) ......................7

*Credit Suisse First Boston, LLC v. Intershop Commc'ns AG*,
    407 F. Supp. 2d 541 (S.D.N.Y. 2006) ................................................................5

*Eichenholtz v. Brennan*,
    52 F.3d 478 (3d Cir. 1995) .................................................................................5

*In re Enron Corp.*,
    296 B.R. 505 (C.D. Cal. 2003) ...........................................................................8

*Fed. Home Loan Bank of Chicago v. Banc of Am. Funding Corp.*,
    760 F. Supp. 2d 807 (N.D. Ill. 2011)..................................................................7

*Fed. Home Loan Bank of Chicago v. Banc of Am. Sec. LLC*,
    448 B.R. 517 (C.D. Cal. 2011) ...................................................................passim

*Fed. Home Loan Bank of San Francisco v. Deutsche Bank Sec., Inc.*,
    2010 WL 5394742 (N.D. Cal. Dec. 20, 2010).....................................................7

*Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*,
   No. C10-0139 RSM, 2010 WL 3662345 (W.D. Wash. Sept. 1, 2010) ................7

*Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*,
   736 F. Supp. 2d 1283 (W.D. Wash. 2010) ..........................................................7

*Federated Inv. Mgmt. Co. v. Countrywide Fin. Corp.*,
   No. 11-cv-6208-MRP (C.D. Cal. Oct. 12, 2011).................................................9

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) ..............................................................................3

*Globus v. Law Research Serv., Inc.*,
   418 F.2d 1276 (2d Cir. 1969) .............................................................................5

*Hopkins v. Plant Insulation Co.*,
   349 B.R. 805 (N.D. Cal. 2006) ...........................................................................8

*Laventhol, Krekstein, Horwath & Horwath v. Horwitch*,
   637 F.2d 672 (9th Cir. 1980) ..............................................................................5

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
   No. 10-cv-00302-MRP (C.D. Cal. Oct. 12, 2011)...............................................6

*Stewart v. Am. Int'l Oil & Gas Co.*,
   845 F.2d 196 (9th Cir. 1988) ..............................................................................5

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
   447 B.R. 302 (C.D. Cal. 2010) ...................................................................2, 5, 6

*Williams v. Shell Oil Co.*,
   169 B.R. 684 (S.D. Cal. 1994)............................................................................8

**STATUTES, RULES & REGULATIONS**

28 U.S.C.
   § 1334(c)(1) ........................................................................................................1
   § 1447(c) .............................................................................................................1
   § 1452(b).............................................................................................................1

Plaintiffs in the *Dexia* action respectfully submit this supplemental brief in further support of their motion for an order either (1) remanding this action to the New York Supreme Court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction, or (2) equitably remanding the action to New York Supreme Court under 28 U.S.C. §§ 1334(c)(1) and 1452(b).[1]

## I. **INTRODUCTION**

This removed civil action was filed in New York Supreme Court by quintessential New York Plaintiffs,[2] including a Plaintiff created through an act of the New York state legislature (Complaint, ¶17), and asserts predominantly New York common law fraud and negligence claims (and non-removable Securities Act claims) for the sale in New York of 148 RMBS underwritten, originated and issued by Countrywide. Defendants removed this action to federal court on the purported grounds that bankrupt originator American Home Mortgage Corporation ("AHM") originated a minority of the loans underlying 3 of the 148 RMBS purchased by Plaintiffs.[3] This action was then transferred to this Court as part of a multidistrict litigation. Defendants' removal was improper and this Court lacks subject matter jurisdiction because this action will have no effect on the AHM bankruptcy. In fact, AHM's bankruptcy plan was approved before this action was commenced, and Countrywide has not submitted a claim in the AHM bankruptcy based on this action.

---

[1] This supplemental brief is filed in accordance with the October 25, 2011 Order Regarding Schedule for Motions to Dismiss Pending Cases. *See* ECF No. 157.

[2] All of the Plaintiffs are based in New York, New York. *See* Complaint, ¶¶15-17.

[3] Defendants have conceded that Countrywide Home settled all claims with Aegis Mortgage Corporation in October 2009, and that the Notice of Removal mistakenly claimed that this action was "related to" the Aegis Mortgage Corporation bankruptcy. *See* Defendants' Reply in Further Support of Their Motion to Transfer and Motion to Dismiss and Sur-Reply in Further Opposition to Plaintiffs' Motion to Remand ("Def. Sur-Reply"), ECF No. 116, at 1, n.1.

Should the Court conclude that it has subject matter jurisdiction, equity clearly supports remand. Only 3 of the 148 RMBS at issue contain a minority of loans originated by the bankrupt AHM. Those AHM loans constitute a mere *0.59%* of the total amount of loans underlying the RMBS in this action. In addition, the majority of Plaintiffs' causes of action are based on New York common law and not federal securities law. The remaining equitable factors also weigh in favor of remand. In a nearly identical situation where an even higher percentage of underlying RMBS loans were originated by AHM, this Court held that equitable remand to state court was appropriate. *See Fed. Home Loan Bank of Chicago v. Banc of Am. Sec. LLC*, 448 B.R. 517, 525-27 (C.D. Cal. 2011) ("*FHLB Chicago*"). Plaintiffs further represent to the Court that they will not seek to prove liability and establish damages in this action with respect to the small percentage of AHM loans underlying, in part, 3 of the RMBS at issue, further strengthening the equitable considerations in favor of remand. *See Charles Schwab Corp. v. BNP Paribas Sec.*, No. 10-cv-04030-SI, 2011 WL 724696, at *4 (N.D. Cal. Feb. 23, 2011). Even assuming that the Court has subject matter jurisdiction, this case will have no conceivable effect on the AHM bankruptcy estate, and the Court should therefore remand this action to New York Supreme Court.

But the Court need not address the equities of remand. Although Plaintiffs acknowledge the Court's two prior decisions finding that the relevant indemnification provisions could create "related to" bankruptcy jurisdiction under the "close nexus" standard (*see FHLB Chicago*, 448 B.R. at 525; *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 310-11 (C.D. Cal. 2010)), subject matter jurisdiction is lacking here for independent reasons. As a district court recently concluded with respect to other actors in a similar RMBS proceeding, because Countrywide Home failed to further amend its August 28, 2008 proof of claim in the AHM bankruptcy to reflect "specified or quantified indemnification rights pertinent to the underlying action," Defendants have "failed

to establish that the underlying action is sufficiently 'related to' any bankruptcy proceedings to justify this Court taking jurisdiction." *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 11 Civ. 2232-NRB, 2011 WL 4965150, at *4-6 (S.D.N.Y. Oct. 19, 2011). Jurisdiction is also lacking because Countrywide Home's purported right to indemnity is against public policy and is prohibited as a matter of law.[4]

For these reasons, this action should be remanded to New York Supreme Court.

## II.   ARGUMENT

### A.   Removal Was Improper Under "Related to" Bankruptcy Jurisdiction

#### 1.   Countrywide Home Did Not Properly Preserve Its Rights to Indemnity With Respect to the Claims Asserted in This Action

Defendants "bear[] the burden of establishing federal jurisdiction and that removal was proper." *See FHLB Chicago*, 448 B.R. at 523 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Here, as detailed in Plaintiffs' motion, Defendants cannot meet their burden. The only purported basis for establishing federal jurisdiction is "related to" the bankruptcy proceedings of AHM. Such "related to" jurisdiction is, at best, remote. Indeed, Countrywide Home's amended proof of claim in the AHM bankruptcy makes clear that such jurisdiction does not exist. Specifically, on August 28, 2008, Countrywide Home filed its proof of claim quantifying "Repurchase Obligations" only (*see* Devine Decl., Ex. 9 (Claim No. 10477), ECF Nos. 102-9 & 102-10, at 6 (¶A)) ("Currently, CHL asserts that not less than $224,344,935 in Repurchase Obligations are currently owed by AHM

---

[4]  *See* Mem. of Law in Support of Pl.'s Motion to Remand this Action to New York State Court ("Remand Mem."), ECF No. 75, at 17-18. The Court declined to address this issue in *FHLB Chicago* because it was not properly raised in plaintiff's opening brief. *See FHLB Chicago*, 448 B.R. at 525, n.3. In contrast, Plaintiffs here properly raised and briefed this issue.

to CHL."). Countrywide Home never amended its proof of claim to reflect this litigation specifically, or litigation claims generally, and the bar date for submitting amended proofs of claim has long expired. Pl. Remand Reply, at 4, n.4 & Wales Decl., ¶¶8, 13-14 (ECF No. 114). Moreover, Countrywide Home has not diligently pursued enforcement of its claim. The Plan Trustee for the AHM Liquidating Trust has moved to disallow and expunge Countrywide Home's claim on the grounds that Countrywide Home has submitted insufficient documentation with its claim, noting that Countrywide Home has "failed to provide the requested additional documentation" in response to specific requests by the Plan Trustee. This objection is still pending.[5] Accordingly, the proof of claim does "not pertain to the indemnification to which defendants now claim they are entitled." *Allstate*, 2011 WL 4965150, at *4-6.

The *Allstate* decision is instructive. There, in virtually identical circumstances, the district court held that defendants' proofs of claim that invoked indemnification rights generally, but did not specify or quantify the indemnification rights "pertinent to the underlying action," were insufficient to establish the court's jurisdiction. *Id.* The court further held that defendants could not remedy this defect because, despite any reservation of rights to amend in the proofs of claim, the bar dates for claims had passed in the subject bankruptcy actions and any newly-filed amendment to the proofs of claim would be disallowed. *See id.* The same outcome should result here.

---

[5] *See* Re-Notice of Debtors' Seventy-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, Exhibit A, at 1, *In re American Home Mortg. Holdings, Inc.*, No. 07-11047 (CSS) (Bankr. D. Del. June 17, 2011) (attached hereto as Exhibit 1).

### 2. Countrywide Home's Purported Right to Indemnity Is Prohibited as a Matter of Law

Even if Countrywide Home had properly preserved its right to indemnification, it has no legal right to indemnification for common law fraud or for violating the Securities Act.[6] In response, Defendants did not – and cannot – contest the bar on indemnity based on Countrywide's fraud or violation of the federal securities laws. Rather, Defendants contend, without citation to precedent, that the bar would not apply because the indemnity sought would be based on *AHM's* fraud, not Countrywide's. Def. Sur-Reply, at 5, n.9. Defendants are wrong. No aspect of this litigation will revolve around any statements or actions – fraudulent or otherwise – of AHM.

Because Countrywide Home's purported indemnity claims against AHM are barred by state and federal law, those claims cannot have any effect on the AHM bankruptcy and do not give rise to "related to" jurisdiction.

### B. If Removal Was Proper, Equitable Remand Is Appropriate

### 1. The Court's Decision in *FHLB Chicago* Supports Remand

As set forth in Plaintiffs' briefs and summarized herein, should the Court conclude that subject matter jurisdiction exists, the equities weigh overwhelmingly in favor of remand. In *FHLB Chicago*, this Court distinguished its earlier opinion in *Stichting*, and held that the equities favored remanding to state court a similar

---

[6] *See* Remand Mem. at 17-18. *See also CBS Corp. v. Eaton Corp.*, No. 07 Civ. 11344 (LBS), 2010 WL 1375169, at *2 (S.D.N.Y. Mar. 30, 2010) ("contracts that would indemnify a party for intentional or fraudulent conduct are void as against public policy in New York."); *Laventhol, Krekstein, Horwath & Horwath v. Horwitch*, 637 F.2d 672, 676 (9th Cir. 1980) (cross claim for indemnity for violation of § 11 of the 1933 Act was properly dismissed by district court); *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) ("Indemnity is unavailable under the federal securities laws"); *Eichenholtz v. Brennan*, 52 F.3d 478, 484-85 (3d Cir. 1995) ; *Globus v. Law Research Serv., Inc.*, 418 F.2d 1276, 1287-89 (2d Cir. 1969); *Credit Suisse First Boston, LLC v. Intershop Commc'ns AG*, 407 F. Supp. 2d 541, 547 (S.D.N.Y. 2006).

action involving Countrywide-issued RMBS containing loans originated by AHM. This action presents an even more compelling case for remand than *FHLB Chicago*.

In *FHLB Chicago*, 2 of 15 RMBS contained loans originated in part by AHM, and while it was undocumented, plaintiff estimated that 3% of the total loans in that case were originated by AHM. *See* 448 B.R. at 526 (concluding that the "action has only a remote connection to bankruptcy proceedings" and should be remanded). *Here, only 3 of 148 RMBS contain loans originated by AHM and, as demonstrated in the attached Exhibit 2, those loans constitute only 0.59% of the total loans at issue.*

Likewise, as in *FHLB Chicago*, the majority (6 of 9) of Plaintiffs' claims here arise under state law. This Court's recent decision in *Allstate Ins. Co. v. Countrywide Fin. Corp.,* No. 11-cv-05236-MRP (MANx), 2011 WL 5067128, at *15-19 (C.D. Cal. Oct. 21, 2011), confirms the predominance of state law claims. There, this Court dismissed *Allstate's* federal securities claims as untimely, but denied defendants' motion to dismiss claims under New York state law. *See id.*

Finally, *none* of the 148 RMBS at issue overlap with the RMBS that are part of the certified class action in *Maine State*. *See* Order Re: Plaintiffs' Motion for Class Certification, *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 10-cv-00302-MRP (MANx) (C.D. Cal. Oct. 12, 2011) (attached hereto as Exhibit 3) (listing 8 certified RMBS tranches, none of which were purchased by Plaintiffs). As this Court held in *FHLB Chicago*, this weighs heavily in favor of remand. *See* 448 B.R. at 526 (distinguishing *Stichting* where 11 of the 14 RMBS at issue overlapped with offerings in the Countrywide RMBS class action, versus only 2 of the RMBS in *FHLB Chicago*).[7]

---

[7] In *Stichting*, the Court also denied remand on the grounds that both parties were forum shopping and neither party would be prejudiced in either venue. *See* 447

Thus, the Court should remand this action to New York Supreme Court.

### 2. Every Equitable Consideration Weighs in Favor of Remand

All of the factors courts take into consideration when weighing the equities of remand to state court favor remand here. Indeed, remanding this action to New York state court would be in line with the multitude of other courts within this Circuit and the rest of the country to have recently remanded similar RMBS actions.[8] The factors considered in the Ninth Circuit for equitable remand are substantially similar to those considered in the Second Circuit:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding; (5) jurisdictional basis, if any, other than

---

B.R. at 312. Here, Plaintiffs are New York entities, asserting predominately New York state law claims based on the sale of Countrywide RMBS in New York. Clearly, Plaintiffs' filing in New York state court was not forum shopping. To the contrary, Defendants' removal and subsequent transfer of this action to federal court in California is forum shopping and weighs in favor of remand.

[8] *See Charles Schwab Corp. v. J.P. Morgan Sec. Inc.*, No. 10-04523-JSW, 2011 WL 1642459, at *4 (N.D. Cal. May 2, 2011) (White, J.); *Charles Schwab Corp. v. Banc of Am. Sec. LLC*, No. 10-CV-03489-LHK, 2011 WL 864978, at *7-8 (N.D. Cal. Mar. 11, 2011) (Koh, J.); *Charles Schwab Corp. v. BNP Paribas Sec.*, 2011 WL 724696, at *3-4; *Fed. Home Loan Bank of San Francisco v. Deutsche Bank Sec., Inc.*, Nos. 10-3039 SC, 10-3045 SC 2010 WL 5394742, at *11-13 (N.D. Cal. Dec. 20, 2010) (Conti, J.); *see also Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co.*, Civ. A. No. 10-11376-NMG, 2011 WL 3679154, at *3 (D. Mass. Aug. 19, 2011) (adopting Magistrate Judge's Report and Recommendation on Plaintiff's Motion to Remand finding that equitable remand was warranted); *Fed. Home Loan Bank of Chicago v. Banc of Am. Funding Corp.*, 760 F. Supp. 2d 807, 810 (N.D. Ill. 2011); *Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp. 2d 1283, 1290-91 (W.D. Wash. 2010); *Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*, No. C10-0139 RSM, 2010 WL 3662345, at *7 (W.D. Wash. Sept. 1, 2010).

> Sec. 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of the right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*FHLB Chicago*, 448 B.R. at 525 (citing *In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003)) (the "*Enron* factors"). *See also Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006) (also cited by this Court in *FHLB Chicago*, 448 B.R. at 525).[9]

As discussed above, the first and sixth *Enron* factors clearly favor remand here because this case – in which only 0.59% of the total underlying loans (which were a minority of the loans in only 3 of 148 RMBS) were originated by a bankrupt entity – will have, at best, a *de minimis* effect on the AHM bankruptcy estate, especially because the bankruptcy plan has long been approved and Defendants have not properly preserved their rights to indemnification. Moreover, as indicated above, Plaintiffs do not allege and will present no evidence related to

---

[9] The *Hopkins* court applied the same seven factors Plaintiffs relied on in their initial memorandum in support of remand (Remand Mem. at 18), while this Court and the *Enron* court applied the lengthier set of factors cited above. The *Hopkins* factors, which are identical to the factors considered in New York courts, are: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal. *See Hopkins*, 349 B.R. at 813 (citing *Williams v. Shell Oil Co.*, 169 B.R. 684, 692-93 (S.D. Cal. 1994)). The result here is the same under either set of equitable factors: all factors weigh heavily in favor of remand.

liability or damages based on misstatements and omissions concerning the AHM loans in the 3 affected RMBS, further weighing in favor of remand. *See Charles Schwab Corp. v. BNP Paribas Sec.*, 2011 WL 724696, at *4.

The second factor – "the extent to which state law issues predominate over bankruptcy issues" – along with the third factor, also favors remand: there are no bankruptcy issues implicated in this action, and state law issues predominate over federal claims.  Similarly, the thirteenth factor, comity, strongly favors remand. New York courts are best suited to apply even settled New York law to complex cases, and plainly there are areas of state law that the state courts are better suited to develop through this litigation.

The fourth factor favors remand here because there are at least four similar fraud actions by insurers of Countrywide RMBS pending in New York Supreme Court based on misrepresentations as to loan quality, underwriting guidelines, and due diligence.  *See* Pl. Remand Reply at 5-6.  These actions involve 11 of the 148 RMBS at issue here (*id.*, App. 2) and contain substantially identical allegations (*id.* at 5-6).  Moreover, these actions have progressed past motions to dismiss, and the parties there have engaged in significant discovery to date.  *Id.* at 6.  Plaintiffs acknowledge that some of the actions before the Court also contain allegations of fraud against the Countrywide Defendants, under various state and federal laws, but that fact, especially in light of similar actions pending in New York state court, is not sufficient to weigh against remand here.

The fifth factor favors remand because the federal Securities Act claims do not convey jurisdiction.  *See FHLB Chicago*, 448 B.R. at 526, n.4 (Section 22(a) of the Securities Act bars the removal of such claims from state court).[10]  Likewise,

---

[10] This Court recently granted remand in another similar action on the grounds that removal of Securities Act claims is improper.  *See* Minute Order, *Federated Inv. Mgmt. Co. v. Countrywide Fin. Corp.*, No. 11-cv-6208-MRP (MANx) (C.D. Cal. Oct. 12, 2011) (attached hereto as Exhibit 4).

-9-    PLAINTIFFS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF REMAND
Case No. 11-ML-02265-MRP (MANx)

the tenth factor favors remand because these New York Plaintiffs clearly did not engage in forum-shopping by filing their claims in their home state. Rather, Defendants engaged in forum shopping by removing this case to federal court in New York and then transferring it to California.

The twelfth factor strongly favors remand here because AHM is not a party to this action. The fourteenth factor, which concerns the risk of prejudice to non-debtor parties, also weighs strongly in favor of remand because even if this Court has "related to" jurisdiction with respect to claims arising from only 0.59% of the mortgages at issue in this action, it would be inequitable to deny remand and deny Plaintiffs' choice of forum on such a tenuous link.[11]

For the reasons stated in *FHLB Chicago*, and by numerous other judges within this District and throughout the country (*see* note 8, *supra*), the Court should find that the likely overall effect of this litigation on the AHM bankruptcy is minimal, and the equitable factors weigh heavily in favor of remand.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court remand this action to the New York State Supreme Court, Commercial Division.

Dated: October 28, 2011            Respectfully submitted,

                                   BERNSTEIN LITOWITZ BERGER
                                       & GROSSMANN LLP


                                    */s/ Timothy A. DeLange*
                                   TIMOTHY A. DELANGE

                                   BLAIR A. NICHOLAS
                                   TIMOTHY A. DELANGE
                                   12481 High Bluff Drive, Suite 300

---

[11] The seventh, eighth, ninth and eleventh factors do not weigh for or against remand because (a) there are no core bankruptcy matters at issue here, (b) Defendants do not seek to transfer this action to bankruptcy court, and (c) Defendants have stated that they will not seek to interfere with any jury trial rights.

|   |   |
|---|---|
| 1 | San Diego, CA 92130 |
| 2 | Tel: (858) 793-0070<br>Fax: (858) 793-0323 |
| 3 | -and-<br>DAVID L. WALES |
| 4 | JAI K. CHANDRASEKHAR<br>LAUREN A. McMILLEN |
| 5 | 1285 Avenue of the Americas, 38th Floor<br>New York, NY 10019 |
| 6 | Tel: (212) 554-1400<br>Fax: (212) 554-1444 |

*Attorneys for Plaintiffs Dexia Holdings, Inc., FSA Asset Management LLC, Dexia Crédit Local, New York Branch, New York Life Insurance Co., New York Life Insurance and Annuity Corp., The MainStay Funds, MainStay VP Series Fund, Inc., Teachers Insurance and Annuity Association of America, TIAA-CREF Life Insurance Co., TIAA Global Markets, Inc., College Retirement Equities Fund, and the TIAA-CREF Funds*