Brian E. Pastuszenski (*pro hac vice*)
bpastuszenski@goodwinprocter.com
Inez Friedman-Boyce (*pro hac vice* pending)
ifriedmanboyce@goodwinprocter.com
Brian C. Devine (SBN 222240)
bdevine@goodwinprocter.com
**GOODWIN PROCTER** LLP
Exchange Place
Boston, MA 02109-2802
Tel.: 617-570-1000
Fax: 617-570-1231

Lloyd Winawer (SBN 157823)
lwinawer@goodwinprocter.com
**GOODWIN PROCTER** LLP
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: 213-426-2500
Fax: 213-623-1673

*Attorneys for Defendants*
Countrywide Financial Corporation,
Countrywide Home Loans, Inc., Countrywide
Home Loans Servicing LP, Countrywide
Capital Markets, LLC, Countrywide
Securities Corporation, CWALT, Inc.,
CWABS, Inc., CWHEQ, Inc., CWMBS, Inc.
and N. Joshua Adler

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | Case No. 11-ML-02265-MRP (MANx) **COUNTRYWIDE DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO MOTION TO REMAND** Date: November 10, 2011 Time: 1:00 p.m. Courtroom: 12 Judge: Hon. Mariana R. Pfaelzer |
| DEXIA HOLDINGS, INC., et al., Plaintiffs, v. COUNTRYWIDE FINANCIAL CORPORATION, et al., Defendants. | Case No. 11-CV-07165-MRP (MANx) |

**PRELIMINARY STATEMENT**

Plaintiffs[1] are several institutional investors that allegedly purchased "hundreds of millions of dollars" ("Compl." ¶ 4) in MBS issued by subsidiaries of Countrywide Financial Corporation ("CFC") in 148 Offerings between 2005 and 2007.[2]  Plaintiffs assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, as well as state common law.  Originally filed in New York state court on January 24, 2011 and removed by the Countrywide Defendants on February 23, 2011 to the U.S. District Court for the Southern District of New York on the basis of bankruptcy "related-to" jurisdiction under 28 U.S.C. § 1452, this action (the "Action") was transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") as part of the Countrywide Mortgage-Backed Securities Multidistrict Litigation Proceeding (the "*Countrywide MBS MDL*") on August 15, 2011.  This supplemental brief concerning the existence of removal jurisdiction and Plaintiffs' remand motion is being submitted pursuant to this Court's Order dated October 26, 2011 (the "MDL Order") approving the Parties' stipulated briefing and hearing schedule in the *Countrywide MBS MDL*.

This Court should deny remand for the same reasons it recently denied remand in the *Stichting* case, which asserted claims and factual allegations substantially identical to those here.  *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 311-12 (C.D. Cal. 2010).  Indeed, in *Stichting*, the basis of removal jurisdiction was precisely the same as it is here—the

---

[1] Dexia Holdings, Inc., FSA Asset Management LLC, Dexia Credit Local, New York Branch, New York Life Insurance Company, New York Life Insurance and Annuity Corporation, the Mainstay Funds, Mainstay VP Series Fund, Inc., Teachers Insurance and Annuity Association of America, TIAA-CREF Life Insurance Company, TIAA Global Markets, Inc., College Retirement Equities Fund, and the TIAA-CREF Funds are collectively referred to herein as "Plaintiffs."

[2] CFC, Countrywide Home Loans, Inc., Countrywide Home Loans Servicing, LP, CWALT, Inc., CWMBS, Inc., CWABS, Inc., CWHEQ, Inc., Countrywide Securities Corporation, Countrywide Capital Markets, LLC, and N. Joshua Adler are collectively referred to herein as the "Countrywide Defendants."  All other defendants consented to removal of this Action.

origination of loans backing the Countrywide MBS at issue by bankrupt third party lender American Home Mortgage ("AHM"). In *Stichting* this Court considered the very same written indemnification agreement with AHM on which removal in the present case is based, and the Court's rulings in *Stichting* finding jurisdiction and declining to remand on equitable grounds thus apply with equal force here. Indeed, the formation of the *Countrywide MBS MDL* since this Court's *Stichting* decision, and the centralization of Countrywide MBS securities cases like this one in this district in the interests of judicial and party efficiency and economy, create even more compelling federal interests in retaining jurisdiction here.

For the reasons set forth in the briefs filed by defendants prior to transfer to the Central District of California, and for the additional reasons addressed in this brief, this Court should deny Plaintiffs' motion to remand.

## ARGUMENT

I.  **REMOVAL WAS PROPER UNDER "RELATED TO" BANKRUPTCY JURISDICTION.**

Like *Stichting*, this Action was removed because it is "related to" the federal bankruptcy proceedings of AHM. 28 U.S.C. §§ 1334, 1452. Specifically, several of the MBS offerings at issue in this Action are backed in part by loans originated by AHM,[3] which is contractually obligated to indemnify CHL for any losses, judgments, or costs (including legal fees) resulting from any claims—such as Plaintiffs' claims here—alleging that the credit characteristics of the loans were not accurately represented by AHM. Decl. Ex. 8, §§ 3.3, 3.4. Defendant Countrywide Home Loans, Inc. ("CHL") filed a timely proof of claim in the AHM bankruptcy that covers these indemnification rights. Decl. Ex. 9. Indeed, the *very same*

---

[3] *See* Declaration of Brian C. Devine in Support of Defendants' Joint Opposition to Plaintiffs' Motion to Remand, Joint Motion to Transfer Venue, and Joint Motion to Dismiss Plaintiffs' Complaint (Dkt. No. 102) ("Decl.") Exs. 5-7 (CWALT 2005-J14: $154 million of AHM loans; CWALT 2006-J1: $362 million of AHM loans; CWALT 2006-OC8: $235 million of AHM loans).

1   bankruptcy proof of claim and the *very same* written indemnification agreement that

2   this Court found gave rise to removal jurisdiction in *Stichting* are also the basis for

3   removal of the present action.  *See* Decl. Exs. 8 & 9.  As in *Stichting*, defense costs

4   and any amounts paid by way of settlement or otherwise in connection with this

5   Action will increase CHL's indemnification claims against AHM and CHL's *pro*

6   *rata* share of the bankruptcy assets, which in turn will reduce the assets available for

7   distribution to AHM's general unsecured creditors.  *See Stichting*, 447 B.R. at 310-

8   11.  On virtually identical facts, this Court held that the *Stichting* case was properly

9   removed to federal court under "related to" bankruptcy jurisdiction, and that

10  equitable considerations favor retaining jurisdiction.  *Id*. at 311-12.  There is no

11  basis to reach a different conclusion here.[4]

12  **II.      THE EQUITABLE CONSIDERATIONS WEIGH AGAINST REMAND.**

13          Plaintiffs argue that even if related-to bankruptcy jurisdiction exists, the Court

14  nevertheless should remand on equitable grounds under 28 U.S.C. § 1452(b), which

15  "has been understood to permit remand based on fairness and reasonableness

16  considerations."  *Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.,* 2003 WL

17  22025158, at *2 (C.D. Cal. June 30, 2003) (denying equitable remand).  28 U.S.C. §

18  1452(b) states:  "The Court to which such claim or cause of action is removed

19  [under "related to bankruptcy" cases] may remand such claim or cause of action on

20  any equitable ground."  In this case, however, all considerations of fairness,

21

22  _____

    [4] The Countrywide Defendants are aware of three recent cases in the Southern
    District of New York granting motions to remand that were removed under "related

23  to" bankruptcy jurisdiction, but these cases are very different from *Dexia* and are
    thus inapplicable.  *See Allstate Ins. Co. v. Credit Suisse Secs. (USA) LLC,* 2011 WL

24  4965150, at *2, 4-6 (S.D.N.Y. Oct. 19, 2011) (defendants did not assert
    indemnification claims in connection with the underlying action in any of the

25  originators' bankruptcies and the bar date for doing so had passed); *Allstate Ins. Co.
    v. ACE Secs. Corp.*, 2011 WL 3628852, at *7-9 (S.D.N.Y. Aug. 17, 2011) (court

26  found related-to bankruptcy jurisdiction, but found abstention proper only because
    the case asserted solely state law claims); and *Allstate Ins. Co. v. Merrill Lynch &*

27  *Co.,* No. 1:11-cv-02280-DAB, 6-13 (S.D.N.Y. Aug. 15, 2011) (defendants did not
    file proofs of claim in 5 of the 8 bankruptcies and had settled its claims in the other

28  3 bankruptcies).

COUNTRYWIDE DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF OPP. TO MOTION TO REMAND
CASE NO. 11-CV-07165-MRP

1  reasonableness, efficiency, and common sense weigh in favor of this Court retaining

2  jurisdiction and this case proceeding in federal court.  Where federal jurisdiction

3  exists, as it does here, the courts have a "virtually unflagging obligation . . . to

4  exercise the jurisdiction given [to] them."  *Colo. River Water Conservation Dist. v.*

5  *U.S.*, 424 U.S. 800, 817 (1976).  Only in narrow and "exceptional circumstances"

6  may a federal court abstain from hearing a case properly before it.  *Quackenbush v.*

7  *Allstate Ins. Co.*, 517 U.S. 706, 716–17 (1996).[5]

8      Following a transfer pursuant to either 28 U.S.C. § 1404 or § 1407, "the

9  transferee court applies the law of the circuit in which it is located to issues of

10  federal law."  *In re DirecTV Early Cancellation Litig.*, 738 F. Supp. 2d 1062, 1074

11  (C.D. Cal. 2010) (internal quotations and citation omitted).  Courts in the Ninth

12  Circuit consider the following non-exclusive factors in determining whether to

13  exercise their discretion to equitably remand a case: (1) the effect of the action on

14  the administration of the bankruptcy estate; (2) the extent to which issues of state

15  law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the

16  relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7)

17  prejudice to plaintiffs from removal.  *SenoRx, Inc. v. Coudert Bros., LLP*, 2007 WL

18  1520966, at *2 (citing *Williams v. Shell Oil Co.,* 169 B.R. 684, 692-93 (Bankr. S.D.

19  Cal. 1994)).[6]  All seven factors lead to the same conclusion this Court reached in

20  [5] *See also Southern Cal. Edison Co. v. Lynch,* 307 F.3d 794, 805–06 (9th Cir. 2002)
   ("District courts have an obligation and a duty to decide cases properly before them,
21  and abstention from the exercise of federal jurisdiction is the exception, not the
   rule.") (internal quotation marks and citations omitted); *Silving v. Wells Fargo Bank,*
22  *N.A.,* 2011 WL 2669246, at *1 (D. Ariz. July 7, 2011) ("the starting presumption in
   cases of abstention is that 'federal courts have a strict duty to exercise the
23  jurisdiction that is conferred upon them by Congress.'") (citing *Quackenbush*, 517
   U.S. at 716).
24  [6] In *Stichting*, this Court explained that the Ninth Circuit can consider "up to
   fourteen factors", the most comprehensive list including:  "(1) the effect or lack
25  thereof on the efficient administration of the estate if the Court recommends
   [remand or] abstention; (2) extent to which state law issues predominate over
26  bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of
   related proceeding commenced in state court or other nonbankruptcy proceeding; (5)
27  jurisdictional basis, if any, other than § 1334, (6) degree of relatedness or
   remoteness of proceeding to main bankruptcy case; (7) the substance rather than the
28  form of an asserted core proceeding; (8) the feasibility of severing state law claims

4

1  *Stiching*:  equitable remand should be denied.

2      First, with respect to factors one and five, the potential effect of this Action

3  on the AHM bankruptcy estate is significant.[7]  The likely duration, scope, and

4  potential outcome of this case will have a direct impact on the assets available for

5  distribution to AHM's creditors.  Plaintiffs argue with no factual basis that this

6  Action will minimally impact the bankruptcy because the monetary value of any

7  indemnification claim supposedly will be low.  But $750 million of AHM-originated

8  loans back the MBS at issue in this case, and that significant amount of loans creates

9  an equally significant indemnification obligation for the AHM bankruptcy estate.

10  Indeed, as in *Stiching*, the indemnification agreement requires AHM to indemnify

11  CHL against both defense costs and any potential resolution of this Action—just the

12  defense costs likely will total many millions of dollars in this case.  Moreover,

13  Plaintiffs allege that they purchased "hundreds of millions of dollars" in

14  Countrywide MBS, and seek rescission of those purchases as well as money

15  damages for the alleged decline in the value of those securities.  Compl. ¶¶ 4.

16  Coupled with defense costs, "[t]he large amount of money at stake in this litigation

17  has the potential to greatly reduce the bankruptcy estate and constitutes a significant

18  potential liability for the debtor" and "the resolution of this case will [thus] have a

19  significant effect on the bankruptcy estate."  *SenoRX*, 2007 WL 1520966, at *3.

20  *Accord Appatek Indus., Inc. v. Biolab, Inc.,* 2010 WL 731366, at *3 (M.D.N.C. Feb.

---

22  from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action." *Stiching*, 447 B.R. at 311 (citing *In re Enron Corp.*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003)). None of these additional factors requires equitable remand here, and most of them (*e.g.*, the burden on the bankruptcy court's docket, the substance of an asserted "core" proceeding, and the feasibility of severing the state law claims from "core" bankruptcy matters) are clearly inapplicable.

[7] The Countrywide Defendants originally removed based on the AHM and Aegis Mortgage Corporation ("AMC") bankruptcies, but Countrywide settled its claims with AMC, leaving the AHM bankruptcy as the basis for removal.

5

1    25, 2010) (denying equitable remand where "a damages award or equitable remedy

2    of the sort contemplated by the parties will directly alter the estate's assets by

3    hundreds of thousands of dollars."); *In re Wrenn Assoc., Inc.*, 2004 WL 1746117, at

4    *7, 9 (Bankr. D.N.H. July 26, 2004) (denying equitable remand because claims "will

5    impact the accounts receivable owed to the Debtor . . . and ultimately the

6    distribution of assets to all creditors of the bankruptcy estate," thereby "affect[ing]

7    the administration of the Debtor's estate.").

8         With respect to the second factor, issues of *federal* law—not New York state

9    law—predominate in this Action.  At its core, Plaintiffs allege federal securities law

10   violations, namely that the defendants made false statements in MBS offering

11   documents filed with the Securities and Exchange Commission.  Like *Stichting,* this

12   case also is an opt-out action stemming from *Me. State Ret. Sys. v. Countrywide Fin.*

13   *Corp.*, No. 10-cv-302 (C.D. Cal. Jan. 14, 2010) ("*Maine State*").  What this Court

14   said in *Stichting,* 447 B.R. at 312, is thus apt here:

15        Most significantly, this is a federal securities action at its core; a nearly

16        identical action is already proceeding here in this Court [*Maine State*] . . .

17        This Court is intimately familiar with these issues because its docket includes

18        a nearly identical case [*Maine State*].  Both cases include allegations of

19        violations of Sections 11, 12, and 15 of the federal Securities Act of 1933 and

20        involve 11 of the same MBS Offerings.

21   In fact, much of Plaintiffs' Complaint here parrots the same substantive allegations

22   in *Maine State* and *Stichting.  See* Appendix A (chart entitled "Overlap Between

23   Factual Allegations in this Case and *Maine State* and *Stichting* Cases").

24        The JPML recognized the similarity of *Dexia* to the other actions before this

25   Court on August 15, 2011 when it transferred *Dexia* and seven other cases to the

26   *Countrywide MBS MDL* as "involv[ing] common questions of fact arising out of

27   allegations that Countrywide misrepresented to its investors origination practices

28

6
COUNTRYWIDE DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF OPP. TO MOTION TO REMAND
CASE NO. 11-CV-07165-MRP

1    for, and the credit quality of, the mortgage loans it originated from 2004-2007."

2    JPML Transfer Order (Aug. 15, 2011), at 2.  The JPML concluded that:

3        [C]entralization of [Countrywide MBS cases, including *Dexia*] in the Central

4        District of California will serve the convenience of the parties and witnesses

5        and promote the just and efficient conduct of this litigation by avoiding

6        duplicative discovery and other pretrial proceedings on complex common

7        factual issues.  Centralization also will ensure that a single judge presides

8        over these actions providing consistency, preventing conflicting rulings, and

9        greatly reducing the duplicative expenditure of judicial resources that

10       otherwise would be required to resolve common questions now pending in at

11       least five federal district courts across the country.

12   JPML Transfer Order at 3.  Given Plaintiffs' federal Securities Act claims and the

13   relationship between this case, *Maine State, Stichting*, and the *Countrywide MBS*

14   *MDL*, these overarching issues of federal law weigh in favor of keeping this case in

15   federal court.  *See also New England Wood Pellet, LLC v New England Pellet, LLC.*

16   419 B.R. 133, 144-45 (D.N.H. 2009) (denying remand notwithstanding plaintiff's

17   argument that state law predominates, because plaintiff also alleged a federal claim).

18       With respect to the third and fourth factors, federal courts generally, and this

19   Court specifically, are well-equipped and well-positioned to adjudicate the state law

20   claims in this case in an efficient and effective manner.  As in *Stichting,* "there are

21   no unsettled or difficult issues of state law that weigh in favor of remand."  447 B.R.

22   at 312; *see also Abrams v. General Nutrition Cos., Inc.,* 2006 WL 2739642, at *8

23   (D.N.H. Sept. 25, 2006) (denying remand and noting that "[a]lthough state law

24   issues clearly predominate this action, it does not involve any novel or difficult

25   questions of state law that would be inappropriate for a federal court to address.").

26   Additionally, claims under the same state common law and statutory causes of

27   action are being asserted in another Countrywide-related case currently pending

28

7

COUNTRYWIDE DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF OPP. TO MOTION TO REMAND
CASE NO. 11-CV-07165-MRP

before this Court, *Allstate Insurance Co. et al v. Countrywide Fin. Corp. et al.,* 11-cv-05236-MRP (C.D. Cal.).  And this Court is poised to address state law issues in several other cases centralized before it as part of the *Countrywide MBS MDL.  See*, *e.g.*, *Sealink Funding Ltd. v. Countrywide Fin. Corp. et al.*, 11-cv-08896-MRP (C.D. Cal.); *American Fidelity Assurance Co. v. Countrywide Fin. Corp., et al.*, 11-cv-07167-MRP (C.D. Cal.); *Western & Southern Life Ins. Co., et al. v. Countrywide Fin. Corp., et al.*, 11-cv-07166-MRP (C.D. Cal.); *Sterling Federal Bank, F.S.B. v. Countrywide Fin. Corp., et al.,* 11-cv-07163-MRP (C.D. Cal.); *Thrivent Fin. for Lutherans v. Countrywide Fin. Corp., et al.*, 11-cv-07154-MRP (C.D. Cal.); *Bankers Ins. Co., et al. v. Countrywide Fin. Corp., et al.*, 11-cv-07152-MRP (C.D. Cal.); *Putnam Bank v. Countrywide Fin. Corp., et al.*, 11-cv-04698-MRP (C.D. Cal.). Given its expertise and experience, this Court undoubtedly is capable of resolving Plaintiffs' state law claims without difficulty.  Finally, Plaintiffs have alleged federal securities claims over which federal courts have concurrent jurisdiction. Cases asserting federal and state law claims are routinely litigated in federal court without running afoul of comity principles.  There is also a strong federal interest in coordinating all *Maine State* opt-out cases in federal court.  These factors weigh in favor of retaining jurisdiction.

With respect to the sixth factor, Plaintiffs retain the same right to a jury trial in federal court as they would in state court, and defendants are committed to keeping the Action in this Court (where a jury trial is guaranteed), as opposed to transferring the Action to the Delaware Bankruptcy Court.  Finally, with respect to the seventh factor, Plaintiffs will suffer no prejudice from removal.  There will be no duplication of effort or wasted resources—as part of the *Countrywide MBS MDL*, this Court has not requested substitute briefs and will decide the pending motions based on the briefs and attorney declarations filed in transferor court, as well as any further papers filed in the *Countrywide MBS MDL.  See* MDL Order, ¶¶ 1, 2.  Nor

1   will there will be any substantive unfairness to Plaintiffs from proceeding in federal

2   court.  To the contrary, given its extensive experience in presiding over numerous

3   Countrywide-related MBS cases in the *Countrywide MBS MDL*, this Court has

4   unique expertise that will ensure fairness to all parties and greatly enhance the

5   efficiency of this litigation (*e.g.,* through coordination of discovery).  These related

6   cases pending before this Court as part of the *Countrywide MBS MDL* involve

7   factual allegations and legal issues substantially similar to those presented here.[8]

8         Plaintiffs, moreover, point to no specific prejudice from removal—they argue

9   only that they would prefer to be in state court.  *See* Motion to Remand at 25.  This

10  preference, however, is insufficient to support remand.  As the district court held in

11  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 2008 WL 4449508, at *5

12  (N.D. Tex. Sept. 30, 2008), "[t]hat [plaintiffs] will not litigate their claims in their

13  chosen forum does not constitute legal prejudice."

14        There is one additional factor that is mentioned in *Stichting,* the presence of

15  related proceedings commenced in state court.  *See* 447 B.R. at 311 (citing *In re*

16  *Enron Corp.,* 296 B.R. at 508 n.2).  This factor weighs heavily against remand, as

17  there are currently no related proceedings in state court.  Plaintiffs Dexia Holdings,

18  Inc., FSA Asset Management LLC, Dexia Credit Local, and Teachers Insurance and

19  Annuity Association of America ("TIAA") filed two other MBS actions in New

20  York Supreme Court:  *Dexia SA/NV v. Deutsche Bank AG,* No. 651918/2011 and

21  *Teachers Ins. and Annuity Assoc. of Am. v. Deutsche Bank AG,* No. 652122/2011.

---

[8] *See Sealink Funding Ltd. v. Countrywide Fin. Corp. et al.,* 11-cv-08896-MRP (C.D. Cal.); *American Fidelity Assurance Co. v. Countrywide Fin. Corp., et al.,* 11-cv-07167-MRP (C.D. Cal.); *Western & Southern Life Ins. Co., et al. v. Countrywide Fin. Corp., et al.,* 11-cv-07166-MRP (C.D. Cal.); *Sterling Federal Bank, F.S.B. v. Countrywide Fin. Corp., et al.,* 11-cv-07163-MRP (C.D. Cal.); *Thrivent Fin. for Lutherans v. Countrywide Fin. Corp., et al.,* 11-cv-07154-MRP (C.D. Cal.); *Bankers Ins. Co., et al. v. Countrywide Fin. Corp., et al.,* 11-cv-07152-MRP (C.D. Cal.); *Allstate Ins. Co., et al. v Countrywide Fin. Corp., et al.,* 11-cv-05236-MRP (C.D. Cal.); *Putnam Bank v. Countrywide Fin. Corp., et al.,* 11-cv-04698-MRP (C.D. Cal.); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., et al.,* 10-cv-07275-MRP (C.D. Cal.) (dismissed August 9, 2011); *Me. State Ret. Sys. v. Countrywide Fin. Corp., et al.,* 10-cv-00302-MRP (C.D. Cal.).

9

1  Both case were removed to the Southern District of New York, where they are

2  docket Nos. 11-05672 (JSR) and 11 Civ. 06141 (JSR), respectively.  The Dexia and

3  TIAA plaintiffs have not moved to remand those cases, the time for remand motions

4  has now passed, and motions to dismiss are being briefed in federal court.  Because

5  there are no related state court actions to coordinate this Action with, the motion to

6  remand should be denied.

7         In sum, in support of their remand motion, the *Dexia* Plaintiffs make

8  arguments virtually identical to those made by the plaintiff in *Stichting*.  As in

9  *Stichting*, these arguments fail to overcome the presumption of retaining

10  jurisdiction.  As such, just as the Court did in *Stichting*, the Court similarly should

11  deny remand and retain jurisdiction over this *Maine State* opt-out matter.[9]

12                                 **CONCLUSION**

13         For the same reasons this Court denied remand in *Stichting*, the Countrywide

14  Defendants respectfully request that the Court deny the motion to remand here as

15  well and retain jurisdiction of the case in the Central District of California as part of

16  the *Countrywide MBS MDL*.

17  Dated:  October 28, 2011        **GOODWIN PROCTER LLP**

18                                 /s/ Brian E. Pastuszenski
                                   Brian E. Pastuszenski (*pro hac vice*)

19                                 Lloyd Winawer (State Bar No. 157823)
                                   Inez H. Friedman-Boyce (*pro hac vice* pending)

20                                 Brian C. Devine (State Bar No. 222240)

21                                 *Counsel for the Countrywide Defendants*

22  _____

23  [9] *FHLB Chicago v. Banc of America Secs., LLC*, 448 B.R. 517 (C.D. Cal. 2011),
    does not compel a different result.  There, the Court found related-to bankruptcy
    jurisdiction but remanded on equitable grounds.  *Id.* at 525-26.  In that case,

24  however, numerous related actions brought by the Federal Home Loan Bank of
    Chicago and other Federal Home Loan Banks were pending in state court.  Here,

25  however, numerous related actions are *pending in this Court* as part of the
    *Countrywide MBS MDL* and otherwise.  Moreover, unlike in *FHLB Chicago,* the

26  vast majority of the Offerings at issue overlap with those alleged in *Maine State* and
    the other cases in the *Countrywide MBS MDL*.  *FHLB Chicago* is inapposite for the

27  additional reason that it involved MBS offerings other than those issued by
    Countrywide—here, as in *Stichting*, the Complaint concerns only offerings issued

28  by Countrywide subsidiaries.

COUNTRYWIDE DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF OPP. TO MOTION TO REMAND
CASE NO. 11-CV-07165-MRP