Brian E. Pastuszenski (*pro hac vice*)
bpastuszenski@goodwinprocter.com
Inez Friedman-Boyce (*pro hac vice* pending)
ifriedmanboyce@goodwinprocter.com
Brian C. Devine (SBN 222240)
bdevine@goodwinprocter.com
**GOODWIN PROCTER LLP**
Exchange Place
Boston, MA 02109-2802
Tel.:  617-570-1000
Fax:  617-570-1231

Lloyd Winawer (SBN 157823)
lwinawer@goodwinprocter.com
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.:  213-426-2500
Fax:  213-623-1673

*Attorneys for Defendants*
Countrywide Financial Corporation,
Countrywide Home Loans, Inc., Countrywide
Home Loans Servicing LP, Countrywide
Capital Markets, LLC, Countrywide
Securities Corporation, CWALT, Inc.,
CWABS, Inc., CWHEQ, Inc., CWMBS, Inc.
and N. Joshua Adler

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | Case No.  11-ML-02265-MRP (MANx)<br><br>**COUNTRYWIDE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO MOTION TO REMAND**<br><br>Date:         November 10, 2011<br>Time:         1:00 p.m.<br>Courtroom: 12<br>Judge:        Hon. Mariana R. Pfaelzer |
| DEXIA HOLDINGS, INC., et al.,<br><br>         Plaintiffs,<br>    v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>         Defendants. | Case No.  11-CV-07165-MRP (MANx) |

The Countrywide Defendants respectfully submit this Notice of Supplemental Authority in support of their opposition to Plaintiffs' motion to remand.

Attached hereto as Exhibit A is the opinion in *Allstate Ins. Co. v. Credit Suisse Secs. (USA) LLC*, No. 11-Civ.-2232 (NRB), 2011 WL 4965150 (S.D.N.Y. Oct. 19, 2011), which was cited in the supplemental briefs submitted by both parties.  *See* Pls. Supp. Br. at 3-4, Countrywide Defs. Supp. Br. at 3 n.4.  In *Allstate*, the district court held that "related to" bankruptcy jurisdiction did not exist and therefore remanded the action to state court.  The Countrywide Defendants respectfully draw the Court's attention to the following passages in *Allstate*:

- "Defendants have filed *no proofs of claim* in [the Finance America] proceeding. . . ." 2011 WL 4965150, at *2 (emphasis added).
- "[D]efendants did file certain claims [in the New Century bankruptcy], *which have since been settled*." *Id.* (emphasis added).
- "Defendants filed a proof of claim in [the TBW bankruptcy] proceeding . . . . though the claim *did not assert indemnification rights*." *Id.* (emphasis added).
- "Neither claim [filed in the New Century and TBW bankruptcies] specified or quantified *indemnification rights* pertinent to the underlying action. . . ." *Id.* at *5 (emphasis added).
- "Defendants failure to file *any proofs of claim for potential indemnification* differentiates this case from those they cite. *See*, *e.g.*, . . . Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 307 (C.D. Cal. 2010)." *Allstate*, 2011 WL 4965150, at *4 n.5 (emphasis added).
- "'Conceivable effects' typically manifest themselves by altering the amount of property available for distribution to the creditors of a bankruptcy estate or the allocation of property among such creditors." *Id.*

1
COUNTRYWIDE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 11-CV-07165-MRP

at *3 (internal citation omitted).

- "Plaintiffs' emphasis on the insignificance of the size of the loans whose genesis is the Bankrupt Originators relative to the total value of the securitizations that form the basis of the underlying proceeding is thus misplaced. *The loans' relationship to the primary action is not before the Court. Rather, our focus is their relationship to the bankruptcies.*" *Id.* at *3 n.3 (emphasis added).

- "Contingent outcomes can satisfy the 'conceivable effects' test. The outcome need not be certain; the possibility of an effect is sufficient." *Id.* at *3.

- "The Bankrupt Originators' possible indemnification obligation should the defendants lose the underlying action is a potentiality that has previously been found to constitute a 'conceivable effect.' To the extent defendants can utilize the provisions of their indemnification agreements to claim legal fees associated with defending this action, the outcome itself may be irrelevant." *Id.* at *4 & n.4.

For all of the reasons set forth in the Countrywide Defendants' initial and supplemental briefs in opposition to Plaintiffs' motion to remand, the Countrywide Defendants respectfully request that Plaintiffs' motion be denied and that this Court retain jurisdiction of the case in the Central District of California as part of the *Countrywide MBS MDL*.

Dated: November 4, 2011   **GOODWIN PROCTER LLP**

/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (*pro hac vice*)
Lloyd Winawer (State Bar No. 157823)
Inez H. Friedman-Boyce (*pro hac vice* pending)
Brian C. Devine (State Bar No. 222240)
*Counsel for the Countrywide Defendants*