WILLIAM F. SULLIVAN (SB# 78353)
williamsullivan@paulhastings.com
JOSHUA G. HAMILTON (SB# 199610)
joshuahamilton@paulhastings.com
PETER Y. CHO (SB# 255181)
petercho@paulhastings.com
JENIFER Q. DOAN (SB# 271571)
jeniferdoan@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendants
*Ranjit Kripalani* and *Jennifer S. Sandefur*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | CASE NO. 11-ML-02265-MRP (MANx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS RANJIT KRIPALANI AND JENNIFER S. SANDEFUR'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Date:           May 17, 2012<br>Time:          11:00 a.m.<br>Courtroom:  12<br>Judge:         Hon. Mariana R. Pfaelzer |
| DEXIA HOLDINGS, INC., *et al.*,<br><br>              Plaintiffs,<br><br>      v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>              Defendants. | CASE NO. 11-CV-07165-MRP (MANx) |

LEGAL_US_W # 70995001.4

MR. KRIPALANI AND MS. SANDEFUR'S MEM. OF P&A'S ISO MTD AMENDED COMPLAINT

## I.   INTRODUCTION

Individual Defendants Ranjit Kripalani and Jennifer S. Sandefur bring this motion to dismiss on the grounds that the sole cause of action against them, for alleged violation of Section 15 of the Securities Act of 1933 ("Securities Act"), should be dismissed with prejudice because Plaintiffs fail to adequately plead control person liability against them. Plaintiffs' thread-bare allegations against Mr. Kripalani and Ms. Sandefur are insufficient to establish control person liability. In addition, apart from dismissal, Plaintiffs' Section 15 claim against Mr. Kripalani and Ms. Sandefur should be further limited because Plaintiffs' transfer of title allegations underlying their requisite Securities Act claims must be dismissed with prejudice.[1]

## II.   PLAINTIFFS' SECTION 15 CLAIM AGAINST MR. KRIPALANI AND MS. SANDEFUR SHOULD BE DISMISSED.

### A.   Plaintiffs' Allegations are Insufficient to Establish Control Person Liability Against Mr. Kripalani and Ms. Sandefur.

In the Court's February 17, 2012 Order on the Motions to Dismiss Plaintiffs' Complaint ("Dismissal Order") (Dkt. No. 177), the Court declined to dismiss the Section 15 claim against certain Individual Defendants, including Mr. Kripalani and Ms. Sandefur, with respect to the two remaining certificates, CWMBS 2007-5 A2 and CWHEQ 2006-S7 A3. (Dismissal Order at 9.) The Court noted that Plaintiffs' allegations with respect to Mr. Kripalani and Ms. Sandefur "go no farther than listing the defendant's name, title, and listing which registration statements that defendant signed" and that such pleading "pushes Rule 8's stricture that a statement of the claim be 'short' to its outer bounds." (Id. at 8.) The Court cited *Rafton v. Rydex Series Funds* for the proposition that it is plausible that "high level officers . . . *who signed the Registration Statements* were in a position to exercise control

---

[1] To the extent applicable to them, Mr. Kripalani and Ms. Sandefur join in the Countrywide Defendants' motion to dismiss and papers filed in support thereof, and the other defendants' motions to dismiss and all supporting papers.

LEGAL_US_W # 70995001.4              -1-

over the [primary violator] and its disclosures[,]"[2] holding that Plaintiffs' allegations were "marginally sufficient to support a Section 15 claim." (Dismissal Order at 8.)

However, a critical factor of the Court's analysis is no longer present in the Amended Complaint – Mr. Kripalani and Ms. Sandefur did *not* sign the registration statements for the two remaining certificates on which Plaintiffs' Section 15 claim is based. (*See* Amended Compl. ¶¶ 322-23, Ex. 5.)  Instead, to establish control person liability, the Amended Complaint only alleges that Mr. Kripalani and Ms. Sandefur were members of the board of directors for the Depositor Defendants, *id.*, but this allegation is not enough to sustain a Section 15 claim for control person liability. *See, e.g., Katz v. China Century Dragon Media, Inc.,* No. LA CV-11-02769 JAK, 2011 WL 6047093, at *6 (C.D. Cal. Nov. 30, 2011) (granting motion to dismiss Section 15 claim because "Plaintiffs cannot merely plead that Rappaport was WestPark's CEO to establish the basis for a claim against him.  They must plead more to establish control . . . ."); *In re Calpine Corp. Sec. Litig*, 288 F. Supp. 2d 1054, 1081 (N.D. Cal. 2003) (granting motion to dismiss Section 15 claim against individual defendants because, among other things, plaintiffs did not allege that the individual defendants signed the prospectus statements at issue or "played a role in the preparation . . ." of those prospectus statements.)  The Section 15 claim against Mr. Kripalani and Ms. Sandefur thus should be dismissed with prejudice.

### B. Plaintiffs' Transfer of Title Allegations Underlying Their Securities Act Claims Cannot Form the Basis for Derivative Liability Under Section 15.

Mr. Kripalani and Ms. Sandefur join in the Countrywide Defendants' argument that Plaintiffs' transfer of title allegations underlying their Section 11 claim should be dismissed with prejudice. Countrywide Defendants' Memorandum at 2.  Secondary liability under Section 15 is premised on a primary violation of

---

[2] No. 10-CV-01171-LHK, 2011 WL 31114, at *12 (N.D. Cal. Jan. 5, 2011) (emphasis added).

Section 11 of the Securities Act. *See* 15 U.S.C. § 77l. Plaintiffs' failure to amend their transfer of title allegations warrants dismissal of those allegations once more, with prejudice, further limiting the basis for Plaintiffs' Section 15 claim against Mr. Kripalani and Ms. Sandefur.

### III. CONCLUSION

For the foregoing reasons, Mr. Kripalani and Ms. Sandefur respectfully request that the Court dismiss the Section 15 claim against them with prejudice.

Dated: March 30, 2012      PAUL, HASTINGS, JANOFSKY & WALKER LLP
WILLIAM F. SULLIVAN
JOSHUA G. HAMILTON
PETER Y. CHO
JENIFER Q. DOAN


By:   /s/ William F. Sullivan
           WILLIAM F. SULLIVAN

Attorneys for Defendants
*Ranjit Kripalani* and *Jennifer S. Sandefur*