| | |
|---|---|
| 1 | Brian E. Pastuszenski (*pro hac vice*)<br>bpastuszenski@goodwinprocter.com |
| 2 | Inez Friedman-Boyce (*pro hac vice*)<br>ifriedmanboyce@goodwinprocter.com |
| 3 | Brian C. Devine (SBN 222240)<br>bdevine@goodwinprocter.com |
| 4 | Caroline H. Bullerjahn (*pro hac vice*)<br>cbullerjahn@goodwinprocter.com |
| 5 | **GOODWIN PROCTER LLP**<br>Exchange Place |
| 6 | Boston, MA 02109-2802<br>Tel.:  617-570-1000 |
| 7 | Fax:  617-570-1231 |
| 8 | Lloyd Winawer (SBN 157823)<br>lwinawer@goodwinprocter.com |
| 9 | **GOODWIN PROCTER LLP**<br>601 South Figueroa Street, 41st Floor |
| 10 | Los Angeles, California 90017<br>Tel.:  213-426-2500 |
| 11 | Fax:  213-623-1673 |
| 12 | *Attorneys for Defendants*<br>Countrywide Financial Corporation, |
| 13 | Countrywide Home Loans, Inc., Countrywide<br>Home Loans Servicing LP, Countrywide |
| 14 | Capital Markets, LLC, Countrywide<br>Securities Corporation, CWALT, Inc., |
| 15 | CWABS, Inc., CWHEQ, Inc., CWMBS, Inc.<br>and N. Joshua Adler |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | Case No.  11-ML-02265-MRP (MANx)<br><br>**COUNTRYWIDE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Date/Time:  May 17, 2012 / 11:00 a.m.<br>Courtroom: 12<br>Judge:  Hon. Mariana R. Pfaelzer |
| DEXIA HOLDINGS, INC., *et al.*,<br><br>       Plaintiffs,<br><br>       v. | Case No.  11-CV-07165-MRP (MANx) |

1  COUNTRYWIDE FINANCIAL
2  CORPORATION, *et al.*,
3                    Defendants.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT .............................................................................................................. 2

I.   THE NEGLIGENT MISREPRESENTATION, AIDING AND ABETTING, AND TITLE TRANSFER CLAIMS MUST BE DISMISSED WITH PREJUDICE. ....................................................................... 2

II.   THE SECTION 12(a)(2) CLAIMS AGAINST THE DEPOSITOR DEFENDANTS AND AS TO CWMBS 2007-5 A2 MUST BE DISMISSED WITH PREJUDICE. ....................................................................... 3

III.   CERTAIN PLAINTIFFS' MISREPRESENTATION CLAIMS ARE TIME-BARRED. ................................................................................................. 3

    A.   The Delaware Plaintiffs' Claims Are Time-Barred. ........................... 5

    B.   The Massachusetts Plaintiff's Claims Are Time-Barred. .................... 7

IV.   THE SECTION 15 CLAIMS AS TO MR. ADLER AND COUNTRYWIDE HOME LOANS SERVICING LP MUST BE DISMISSED. ........................................................................................................ 10

CONCLUSION ......................................................................................................... 11

**TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Allstate Ins. Co. v. Countrywide Fin. Corp.*,
 --- F. Supp. 2d. ----, 2011 WL 5067128 (C.D. Cal. Oct. 21, 2011) .................. 8, 9

*Cambridge Plating Co. v. Napco, Inc.*,
 85 F.3d 752 (1st Cir. 1996) ....................................................................................... 8

*Edwards v. Marin Park, Inc.*,
 356 F.3d 1058 (9th Cir. 2004) ................................................................................ 2, 10

*Epstein v. C.R. Bard, Inc.*,
 460 F.3d 183 (1st Cir. 2006) ..................................................................... 7, 8, 9

*Katz v. China Century Dragon Media, Inc.*,
 2011 WL 6047093 (C.D. Cal. Nov. 30, 2011) ....................................................... 11

*London v. Coopers & Lybrand*,
 644 F.2d 811 (9th Cir. 1981) ................................................................................. 2-3

*Mantz v. Wells Fargo Bank, N.A.*,
 2011 WL 196915 (D. Mass. Jan. 19, 2011) ............................................................. 7

*McMahon & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
 727 F. Supp. 833 (S.D.N.Y. 1989) ........................................................................... 4

*National Integrity Life Ins. Co. v. Countrywide Fin. Corp.*,
 No. 2:11-cv-09889-MRP, slip op. (C.D. Cal. Mar. 9, 2012) ...................... *passim*

*Pratts v. Sujan*,
 176 F.3d 484, 1999 WL 274662 (9th Cir. Apr. 23, 1999) ................................... 2

*Rafton v. Rydex Series Funds*,
 2011 WL 31114 (N.D. Cal. Jan. 5, 2011) ............................................................. 10

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
 802 F. Supp. 2d 1125 (C.D. Cal. 2011) ................................................................. 8-9

**STATE CASES**

*Am. Lumbermens Mut. Cas. Co. of Ill. v. Cochrane*,
   284 A.D. 884 (N.Y. App. Div. 1954), *aff'd*, 309 N.Y. 1017 (N.Y. 1956)...........4

*Global Fin. Corp. v. Triarc Corp.*,
   93 N.Y.2d 525 (N.Y. 1999).........................................................................3

*In re Dean Witter P'ship Litig.*,
   1998 WL 442456 (Del. Ch. July 17, 1998),
   *aff'd*, 725 A.2d 441 (Del. 1999)................................................................6, 7

*Kent v. Dupree*,
   429 N.E.2d 1041 (Mass. App. Ct. 1982).....................................................8, 9

*Krahmer v. Christie's, Inc.*,
   903 A.2d 773 (Del. Ch. 2006) ........................................................................6

*Portfolio Recovery Assoc., LLC v. King*,
   14 N.Y.3d 410 (N.Y. 2010) ...........................................................................4

*Puig v. Seminole Night Club, LLC*,
   2011 WL 3275948 (Del. Ch. July 29, 2011) ..................................................6

*Verizon Directories Corp. v. Continuum Health Partners, Inc.*,
   74 A.D.3d 416 (N.Y. App. Div. 2010).......................................................4, 5

*Wydallis v. United States Fidelity & Guaranty Co.*,
   63 N.Y.2d 872 (N.Y. 1984)............................................................................4

**FEDERAL STATUTES**

15 U.S.C. § 77*o*...............................................................................1, 10, 11

15 U.S.C. § 77*l*(a)(2) .............................................................................3, 11

**STATE STATUTES**

N.Y. C.P.L.R. § 202.................................................................................3, 4, 5

Del. Code Ann. tit. 10, § 8106.....................................................................5, 6

Mass. Gen. Laws ch. 260, § 2A........................................................................7

**PRELIMINARY STATEMENT**

On March 9, 2012, Plaintiffs filed an amended complaint in this matter. The Court previously dismissed several of Plaintiffs' claims with prejudice on timeliness and other grounds. *See* Order re: Motions to Dismiss, dated February 17, 2012, Docket No. 177 ("Dismissal Order"). In that same order, the Court also dismissed without prejudice: (1) Plaintiffs' common law fraud and fraudulent inducement claims and the remaining 1933 Act claims not determined to be time-barred to the extent based on Plaintiffs' title transfer allegations; (2) Section 15 claims against Countrywide Home Loans Servicing LP and Angelo Mozilo; (3) aiding and abetting fraud claims against all defendants; (4) negligent misrepresentation claims against all defendants; and (5) successor liability claims against the Bank of America defendants.[1] The Amended Complaint states that Plaintiffs opted only to amend their successor liability claims and no others, and that they repeated (but did not amend) their previous negligent misrepresentation, aiding and abetting, and transfer of title-related claims that the Court had dismissed without prejudice "solely and exclusively to preserve their appellate rights." Amended Complaint ("AC") at 1 n. 1. Because Plaintiffs chose not to amend these claims, they should now be dismissed *with prejudice*. In addition, in accordance with this Court's March 9, 2012 decision in the *National Integrity* case concerning the applicability of New York's borrowing statute, the common law claims of those Plaintiffs not incorporated under the laws of the State of New York must be dismissed as well as time-barred under Delaware and Massachusetts law. *See National Integrity Life Ins. Co. v. Countrywide Fin. Corp.*, No. 2:11-cv-09889-MRP ("*National Integrity*"), slip op. (C.D. Cal. Mar. 9, 2012) ("*NI* Order"). Certain other claims in the Amended Complaint likewise must be dismissed because they ignore or are otherwise inconsistent with this Court's Dismissal Order.

---

[1] The Bank of America Defendants are Bank of America Corp., BAC Home Loans Servicing, LP, and NB Holdings Corporation. AC ¶¶ 32-35.

# ARGUMENT

## I. THE NEGLIGENT MISREPRESENTATION, AIDING AND ABETTING, AND TITLE TRANSFER CLAIMS MUST BE DISMISSED WITH PREJUDICE.

In the Dismissal Order, the Court dismissed Plaintiffs' aiding and abetting claims for failure to plead the required element of substantial assistance (Dismissal Order at 13-14), the negligent misrepresentation claims for failure to plead any "special relationship" that would "elevate [their] purchases from an arms-length commercial transaction" (*id.* at 15), and the fraud, fraudulent inducement, and remaining 1933 Act claims not dismissed as time-barred to the extent based on Plaintiffs' title transfer allegations for "failure to identify a misstatement with sufficient particularity under Rule 9(b)" (*id.* at 11).  Plaintiffs acknowledge these dismissals in the Amended Complaint, stating that they "have not amended those claims but have included them here solely and exclusively to preserve their appellate rights."  AC at 1 n.1.  These claims thus still appear in the Amended Complaint. *See* AC ¶¶ 146-57, 193-94 (title transfer), ¶¶ 285-303 (fraud and fraudulent inducement), ¶¶ 304-09 (aiding and abetting), ¶¶ 382-96 (negligent misrepresentation).  Because this Court dismissed these claims as inadequately pled, Plaintiffs' decision not to amend them requires that they now be dismissed with prejudice.  The Ninth Circuit's words in *Pratts v. Sujan*, 176 F.3d 484, 1999 WL 274662, at *1 (9th Cir. Apr. 23, 1999), are controlling here:

> [Plaintiff] was given leave to amend his claims by the district court, as well as instruction on what he needed to allege to state valid claims, but [plaintiff] chose not to amend.  This failure means his . . . claims are now dismissed with prejudice.

*Cf. Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004) ("[T]he district court should have taken the election not to amend at face value" and "entered a final judgment dismissing all claims with prejudice."); *London v.*

*Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (district court "acted properly" when it dismissed plaintiff's cause of action on the basis that plaintiff "failed to amend" the claim in her amended complaint).

## II. THE SECTION 12(a)(2) CLAIMS AGAINST THE DEPOSITOR DEFENDANTS AND AS TO CWMBS 2007-5 A2 MUST BE DISMISSED WITH PREJUDICE.

The Amended Complaint asserts a claim for violation of Section 12(a)(2) of the 1933 Act with respect to two securities (CWHEQ 2006-S7 A3 and CWMBS 2007-5 A2 (AC ¶¶ 369-77)) as against Countrywide Securities Corporation ("CSC") and the Depositor Defendants (CWALT, Inc., CWABS, Inc., CWMBS, Inc., and CWHEQ, Inc.) (AC ¶¶ 23-27, 370).  In its Dismissal Order, however, the Court dismissed the Section 12(a)(2) claim as to the Depositor Defendants with prejudice, holding that they "were not statutory sellers for purposes of Section 12." Dismissal Order at 6-7.  The Court further noted that "Plaintiffs allege that they purchased CWHEQ 2006-S7 A3 directly from CSC but not CWMBS 2007-5 A2." *Id*. at 7. The Court therefore dismissed the Section 12(a)(2) claim "as it relates to CSC and CWMBS 2007-5 A2" with prejudice. *Id*.

The Amended Complaint, however, disregards these dismissals with prejudice, re-asserting Section 12(a)(2) claims against both the Depositor Defendants and against CSC with respect to CWMBS 2007-5 A2.  Because these claims were dismissed with prejudice, they should be stricken from the Amended Complaint.

## III. CERTAIN PLAINTIFFS' MISREPRESENTATION CLAIMS ARE TIME-BARRED.

New York's borrowing statute (N.Y. C.P.L.R. § 202) is "designed to add clarity to the law and to provide certainty of uniform application to litigants." *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 530 (N.Y. 1999).  In *National Integrity*, this Court held that plaintiff National Integrity Life Insurance Company is

a New York resident for purposes of the borrowing statute because it was alleged to have been "formed under the laws of, and domiciled in, the State of New York." *NI Order* at 28-29. The Court based this holding on the New York Court of Appeals' decision in *Wydallis v. United States Fidelity & Guaranty Co.*, 63 N.Y.2d 872, 873-75 (N.Y. 1984), in which the Court of Appeals held that the plaintiff's incorporation under New York law made it a resident of New York for purposes of the New York borrowing statute. *Id.* at 28 (citing *Wydallis*). Although the Court observed that "[m]ore recent decisions . . . have held that a corporation is [a] resident where it has its principal place of business," the Court nonetheless noted that *Wydallis* has "not been overturned." *Id.* Because the Court determined that National Integrity is a New York resident, it held that the borrowing statute did not apply and its claims were timely under New York's statute of limitations. *Id.* at 28-29. The Court noted, however, that had it determined National Integrity to be a resident of Ohio, the borrowing statute would have applied and its cause of action would have accrued in Ohio. *Id.* at 28.[2]

---

[2] *Accord Portfolio Recovery Assoc., LLC v. King*, 14 N.Y.3d 410, 416 (N.Y. 2010) ("Discover is incorporated in Delaware and is not a New York resident. Therefore, the borrowing statute applies and the Delaware three-year statute of limitations governs."); *Verizon Directories Corp. v. Continuum Health Partners, Inc.*, 74 A.D.3d 416, 416-17 (N.Y. App. Div. 2010) ("For purposes of CPLR 202, plaintiff is a 'resident' of, and its cause of action accrued in, Delaware, the state of its incorporation."); *Am. Lumbermens Mut. Cas. Co. of Ill. v. Cochrane*, 284 A.D. 884, 884 (N.Y. App. Div. 1954) (affirming trial court holding that plaintiff with principal place of business in New York was not a New York resident for borrowing statute purposes where incorporated outside New York), *aff'd*, 309 N.Y. 1017 (N.Y. 1956). The Countrywide Defendants respectfully note that they argued in *National Integrity* that pursuant to the "more recent cases" referenced by the Court in the *NI* Order, including *McMahon & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833, 834 (S.D.N.Y. 1989), "[a] corporation's principal place of business, rather than its state of incorporation, determines its residence." *See NI* Order at 28 (citing *McMahon*); *see also* Consolidated Memorandum of Points & Authorities in Support of the Countrywide Defendants' Motions to Dismiss, Docket No. 58, at 49-51; Omnibus Reply Memorandum of Points & Authorities in Support of Countrywide Defendants' Motions to Dismiss, Docket No. 100, at 35-38. The Countrywide Defendants respectfully reserve all of their rights in regard to these arguments.

A.     **The Delaware Plaintiffs' Claims Are Time-Barred.**

This Court's ruling in *National Integrity* requires dismissal of the claims of several plaintiffs because they are formed under the laws of Delaware. Per the Court's ruling, these entities are residents of Delaware for purposes of the borrowing statute and are thus subject to Delaware's statute of limitations. *See NI* Order at 28-29.

More specifically, in the Amended Complaint, the following plaintiffs are alleged to be incorporated in Delaware: Dexia Holdings, Inc. (AC ¶ 15) ("a Delaware corporation"); FSA Asset Management LLC (*id.*) ("a Delaware limited liability company"); New York Life Insurance and Annuity Corporation (*id.* ¶ 16) ("a Delaware corporation"); TIAA Global Markets, Inc. (*id.* ¶ 17) ("a Delaware corporation"); and TIAA-CREF Funds (*id.*) ("a Delaware statutory trust") (collectively, the "Delaware Plaintiffs").

Because the Delaware Plaintiffs are residents of Delaware under this Court's ruling in *National Integrity*, New York's "borrowing statute applies and the [fraud] cause of action accrued" in Delaware. *NI* Order at 28. Under the borrowing statute, the Delaware Plaintiffs' common law claims for fraud, fraudulent inducement, aiding and abetting fraud and negligent misrepresentation must be timely under both New York and Delaware law. N.Y. C.P.L.R. § 202 ("An action based upon a cause of action accruing without the state cannot be commenced after the expiration of . . . *either* the state *or* the place without the state where the cause of action accrued.") (emphasis added); *Verizon Directories*, 74 A.D.3d at 416-17 (holding that because plaintiff was a Delaware resident, under N.Y. C.P.L.R. § 202, "New York's six-year statute of limitations does not apply" and "the action is barred by Delaware's one-year statute"). Delaware's three-year statute of limitations set forth in Del. Code Ann. tit. 10, § 8106 thus applies to these plaintiffs' claims for fraud, fraudulent inducement, aiding and abetting fraud, and negligent misrepresentation. Del. Code

5

Ann. tit. 10, § 8106[3]; *Krahmer v. Christie's, Inc.*, 903 A.2d 773, 778 (Del. Ch. 2006) (Del. Code Ann. tit. 10, § 8106 imposes a three-year statute of limitations for claims of fraud and negligent misrepresentation).[4]

"A cause of action accrues under [Del. Code Ann. tit. 10, § 8106] at the time of the wrongful act, even if the plaintiff is ignorant of the cause of action." *Krahmer,* 903 A.2d at 778 (internal citations and quotations omitted); *accord In re Dean Witter P'ship Litig.*, 1998 WL 442456, at *4 (Del. Ch. July 17, 1998), *aff'd*, 725 A.2d 441 (Del. 1999) (same); *Puig v. Seminole Night Club, LLC*, 2011 WL 3275948, at *4 (Del. Ch. July 29, 2011) (holding that a fraudulent inducement claim accrues at the time of the wrongful act). Here, the "wrongful act" occurred when the Delaware Plaintiffs purchased the MBS at issue allegedly on the basis of the challenged statements in the prospectus supplements. *See Krahmer*, 903 A.2d at 778 (fraud and negligent misrepresentation claims based on representations surrounding sale accrue on date of purchase); *Dean Witter*, 1998 WL 442456, at *4.

The Delaware Plaintiffs' MBS purchases all occurred "between 2005 and 2007." AC ¶ 4 and Ex. 1 (detailing Plaintiffs' purchases). Because the original complaint in this Action was not filed until more than three years later, on January 24, 2011, the Delaware Plaintiffs' fraud, fraudulent inducement, aiding and abetting fraud and negligent misrepresentation claims are time-barred under Delaware's three-year statute of limitations and must be dismissed with prejudice. *See* Appendix 1 (detailing Delaware Plaintiffs' time-barred purchases).[5]

---

[3] Del. Code Ann. tit. 10, § 8106 provides (in relevant part) that "no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action."

[4] The Delaware Plaintiffs' negligent misrepresentation claims must be dismissed with prejudice for the separate and independent reason that they have failed adequately to allege a "special relationship," and their aiding and abetting claims likewise must be dismissed with prejudice for failure adequately to allege "substantial assistance" by the Defendants. *See* Section I *supra*.

[5] "The Delaware courts have narrowly carved out limited circumstances in which the running of the limitations period can be tolled." *Krahmer*, 903 A.2d at 778.

**B.     The Massachusetts Plaintiff's Claims Are Time-Barred.**

Plaintiff The MainStay Funds is a "Massachusetts business trust." AC ¶ 16.[6] Because The MainStay Funds (the "Massachusetts Plaintiff") was formed under the laws of Massachusetts, it is a resident of Massachusetts for purposes of New York's borrowing statute. *NI* Order at 28-29. Accordingly, New York's borrowing statute applies, and the Massachusetts Plaintiff's common law claims for fraud, fraudulent inducement, aiding and abetting fraud, and negligent misrepresentation must be timely under both New York and Massachusetts law. *Id*. at 28.

Under Massachusetts law, the three-year statute of limitations for tort claims applies to the Massachusetts Plaintiff's fraud, fraudulent inducement, aiding and abetting fraud, and negligent misrepresentation claims. *See* Mass. Gen. Laws ch. 260, § 2A ("[A]ctions of tort . . . shall be commenced only within three years next after the cause of action accrues."); *Mantz v. Wells Fargo Bank, N.A.*, 2011 WL 196915, at *5-6 (D. Mass. Jan. 19, 2011) (citing *Albrecht v. Clifford*, 436 Mass. 706, 716 (Mass. 2002)) (fraud and misrepresentation claims time-barred under three year tort limitations period); *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 187 (1st Cir. 2006) (negligent misrepresentation claim time-barred under three year tort limitations period). "The limitations period begins to run 'when a plaintiff discovers, or any earlier date when she should reasonably have discovered, that she has been harmed or may have been harmed by the defendant's conduct.'" *Epstein,* 460 F.3d at 187 (citing *Bowen v. Eli Lilly & Co.,* 557 N.E.2d 739, 740-41 (Mass. 1990)). Specifically with respect to fraudulent misrepresentation claims, Massachusetts courts have held that such claims accrue "at the time a plaintiff learns

---

And the Delaware Plaintiffs "bear the burden of pleading specific facts to demonstrate that the statute of limitations was, in fact, tolled." *Dean Witter*, 1998 WL 442456, at *6. But the Delaware Plaintiffs assert tolling only as to their 1933 Act claims (AC ¶¶ 325-37), and nowhere assert—or identify any basis for—tolling as to any of their state law claims.

[6] The Amended Complaint alleges that MainStay Income Building Fund, a series of Plaintiff The MainStay Funds, acquired the MBS at issue. AC ¶ 16.

or reasonably should have learned of the misrepresentation." *Kent v. Dupree*, 429 N.E.2d 1041, 1043 (Mass. App. Ct. 1982) (citing *Friedman v. Jablonski*, 358 N.E.2d 994, 997 (Mass. 1976)); *accord Cambridge Plating Co. v. Napco, Inc.*, 85 F.3d 752, 763-64 (1st Cir. 1996) (citing *Friedman*, 358 N.E.2d at 997) ("Under Massachusetts law, a cause of action for deceit accrues when the plaintiff knew or should have known of the misrepresentation.").[7]

Here, the Massachusetts Plaintiff's claims are time-barred because it reasonably should have learned of the alleged misrepresentations before January 24, 2008, more than three years before this action was filed on January 24, 2011. Plaintiff's claims here—alleging "complete abandonment" by Countrywide of its loan underwriting guidelines (AC ¶ 63)—are substantially identical to those in *Stichting* and *Allstate*.[8] In *Stichting*, this Court held that, as here, "the gravamen of Plaintiff's claim [was] that Countrywide wholly abandoned its underwriting standards," and held that "[t]he press and numerous widely reported lawsuits had made exactly this allegation **by the end of 2007**." 802 F. Supp. 2d 1125, 1137 (C.D. Cal. 2011). Specifically, the Court held that "a reasonably diligent investor should have been aware" of "public press reports" and the following "public and well-publicized" lawsuits that contained allegations regarding underwriting at Countrywide: (1) various "shareholder suits [filed] in August 2007" (*id*. at 1140); (2) the *Arkansas Teachers Ret. Sys.* action filed in November 2007, which asserted

---

[7] "Critically, knowledge of 'every fact necessary to prevail on the claim' is not required to put the plaintiff on injury notice and trigger the accrual period." *Epstein*, 460 F.3d at 188 (quoting *Int'l Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc.*, 560 N.E.2d 122, 124 (Mass. App. Ct. 1990)). Rather, "[a] plaintiff is considered to be on 'inquiry notice' when the first event occurs that would prompt a reasonable person to inquire into a possibly injury at the hands of the defendant." *Id*. at 187 (citing *Szymanski v. Boston Mut. Life. Ins. Co.*, 778 N.E.2d 16, 20-21 (Mass. App. Ct. 2002)).

[8] Indeed, this Court has already recognized that this action is "identical in many respects" to *Allstate*, and that as in *Allstate*, Plaintiffs here allege that "Countrywide and others violated New York common law and federal securities law by misrepresenting the quality of the loans underlying the RMBS securities at issue." Dismissal Order at 3.

federal fraud claims and alleged that defendants had "allowed Countrywide to abandon or ignore loan underwriting standards" (*id*. at 1136); (3) the *Argent Classic Conv. Arb. Fund* action filed in October 2007, which asserted federal and state fraud claims and alleged that Countrywide had "abandoned the Company's stated lending practices" (*id*. at 1137); and (4) the *Luther* state court complaints, which "allege[d] the same abandonment of underwriting standards and misrepresentations" (*id*.).[9] Based on the appearance of all of this information publicly and the fact that numerous other investors years earlier had discovered facts they alleged showed the same abandonment of underwriting guidelines asserted by the plaintiff in *Stichting* years later, the Court concluded that the plaintiff was "clearly on notice of Countrywide's misrepresentations regarding underwriting standards by late 2007 or early 2008." *Id*. at 1137. Accordingly, the Court dismissed the *Stichting* plaintiff's common law fraud and aiding and abetting fraud as time-barred under the applicable three-year statute of limitations. *Id*. at 1140-41.

As in *Stichting*, the Massachusetts Plaintiff discovered or reasonably should have discovered the alleged misrepresentations regarding Countrywide's underwriting more than three years before the complaint was filed—by January 24, 2008. Thus, its common law claims must be dismissed as time-barred. *Kent*, 429 N.E.2d at 1043 (dismissing fraudulent misrepresentation claim because plaintiffs "reasonably should have learned about the alleged misrepresentation" more than three years before bringing their claim); *Epstein*, 460 F.3d at 188 (dismissing tort claims as time-barred because there was "no doubt" that plaintiff "had cause for concern" and that a "reasonable person would have inquired into the issue" more

---

[9] Likewise, in *Allstate*, this Court noted that Countrywide had taken a charge against earnings in July 2007 which was "directly related to the quality of the loans Countrywide was underwriting," and that Bank of America announced its acquisition of Countrywide on January 11, 2008, which was for a "substantial discount from book price and may itself have served as a warning regarding Countrywide's core business operations." *Allstate Ins. Co. v. Countrywide Fin. Corp.*, --- F. Supp. 2d. ----, 2011 WL 5067128, at *14 (C.D. Cal. Oct. 21, 2011).

than three years before he filed his complaint). *See also* Appendix 1 (detailing the Massachusetts Plaintiff's time-barred purchases).

### IV. THE SECTION 15 CLAIMS AS TO MR. ADLER AND COUNTRYWIDE HOME LOANS SERVICING LP MUST BE DISMISSED.

In the Dismissal Order, the Court dismissed Plaintiffs' Section 15 claims against Countrywide Home Loans Servicing LP ("CHL Servicing") without prejudice, holding that the Complaint "is devoid of any facts from which the Court could infer that [CHL Servicing] is a control person under Section 15." Dismissal Order at 9. In the Amended Complaint, Plaintiffs re-assert this claim against CHL Servicing (AC ¶ 379), but did not amend their allegations in order to attempt to address pleading deficiencies identified by the Court. *See id*. ¶¶ 20, 378-381. Thus, as with Plaintiffs' negligent misrepresentation, aiding and abetting, and title transfer claims, their Section 15 claim against CHL Servicing must be dismissed with prejudice. *See Edwards*, 356 F.3d at 1064.

With respect to N. Joshua Adler, the Court declined to dismiss the Section 15 claim as to two certificates, CWMBS 2007-5 A2 and CWHEQ 2006-S7 A3. Dismissal Order at 7-8. The Court stated that Plaintiffs' allegations with respect to Mr. Adler and certain other individual defendants "go no farther than listing the defendant's name, title, and listing which registration statements that defendant signed" and that such pleading "pushes Rule 8's stricture that a statement of the claim be 'short' to its outer bounds." *Id*. at 8. Nevertheless, the Court held that these allegations were "marginally sufficient to support a Section 15 claim," citing *Rafton v. Rydex Series Funds* for the proposition that it is plausible that "high level officers . . . *who signed the Registration Statements* were in a position to exercise control over the [primary violator] and its disclosures." 2011 WL 31114, at *12 (N.D. Cal. Jan. 5, 2011) (emphasis added).

But Mr. Adler is ***not*** alleged to have signed the registration statements for the two remaining Certificates on which Plaintiffs' Section 15 claim is based. *See* AC ¶

10
COUNTRYWIDE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 11-CV-07165-MRP

321. The Amended Complaint alleges that Mr. Adler was an officer and director of the Depositor Defendants, *id.*, but this allegation does not support an inference of control. As several courts within the Ninth Circuit have held, "the fact that a person is a CEO or other high-ranking officer within a company does not create a presumption that he or she is a controlling person." *See*, *e.g.*, *Katz v. China Century Dragon Media, Inc.*, 2011 WL 6047093, at *6 (C.D. Cal. Nov. 30, 2011) (dismissing § 15 claim because "Plaintiffs cannot merely plead that Rappaport was WestPark's CEO to establish the basis for a claim against him. They must plead more to establish control . . . ."). The Section 15 claim in the Amended Complaint against Mr. Adler thus should be dismissed with prejudice.

## **CONCLUSION**

For the reasons set forth above, the Countrywide Defendants respectfully request that the Court dismiss the following with prejudice: (1) Plaintiffs' negligent misrepresentation claims; (2) Plaintiffs' aiding and abetting fraud claims; (3) Plaintiffs' fraud, fraudulent inducement, and remaining Section 11, 12 and 15 claims based on title transfer allegations; (4) Plaintiffs' Section 12(a)(2) claims against the CWALT, Inc., CWABS, Inc., CWMBS, Inc., and CWHEQ, Inc.; (5) Plaintiffs' Section 12(a)(2) claims against Countrywide Securities Corporation with respect to CWMBS 2007-5 A2; (6) all fraud, fraudulent inducement, aiding and abetting fraud, and negligent misrepresentation claims asserted by Plaintiffs Dexia Holdings, Inc., FSA Asset Management LLC, New York Life Insurance and Annuity Corporation, TIAA Global Markets, Inc., TIAA-CREF Funds, and The MainStay Funds; (7) Plaintiffs' Section 15 claims against Mr. Adler; and (8) Plaintiffs' Section 15 claims against CHL Servicing.

Dated: March 30, 2012

**GOODWIN PROCTER LLP**

/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (*pro hac vice*)
Lloyd Winawer (State Bar No. 157823)
Inez H. Friedman-Boyce (*pro hac vice*)
Brian C. Devine (State Bar No. 222240)
Caroline H. Bullerjahn (*pro hac vice*)

*Counsel for the Countrywide Defendants*

12
COUNTRYWIDE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 11-CV-07165-MRP