MICHAEL C. TU (State Bar No. 186793)
mtu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

MICHAEL D. TORPEY (State Bar No. 79424)
mtorpey@orrick.com
FRANK M. SCADUTO (State Bar No. 271451)
fscaduto@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone: 415-773-5700
Facsimile: 415-773-5759

Attorneys for Defendant David Sambol

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| IN RE: COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx) |
| DEXIA HOLDINGS, INC., et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendants. | Case No. 11-CV-7165-MRP (MANx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DAVID SAMBOL'S MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date: May 17, 2012<br>Time: 11:00 a.m.<br>Courtroom: 12<br>Judge: Hon. Mariana R. Pfaelzer |

The Court in its February 17, 2012 Order dismissed the claims against defendant David Sambol for aiding and abetting and negligent misrepresentation, in their entirety, and the control person allegations under Section 15 to the extent they rely on title transfer allegations (the "Dismissal Order," see Dkt. No. 177). Plaintiffs' Amended Complaint re-asserts exactly the same three claims against Mr. Sambol, but contains no new allegations whatsoever in support of these claims. *See* David Sambol's Request for Judicial Notice in Support of Motion to Dismiss the Amended Complaint ("RJN"), Ex. A (redline submitted by plaintiffs comparing the amended and original complaints). For the same reasons set forth in Mr. Sambol's prior motion to dismiss[1] and the Dismissal Order, the common law claims should be dismissed with prejudice in their entirety, and the Section 15 claim should be dismissed with prejudice with respect to the inadequate title transfer allegations.

## I. COMMON LAW CLAIMS AGAINST MR. SAMBOL

In its Dismissal Order, the Court dismissed plaintiffs' common law aiding and abetting fraud and negligent misrepresentation claims against Mr. Sambol in their entirety with leave to amend. The Court did so because the original Complaint failed to allege the necessary elements of each claim. With respect to the aiding and abetting claim, the original Complaint failed to allege sufficient facts showing that Mr. Sambol provided "substantial assistance" to the purported fraud. Dismissal Order at 13-14. And in the case of the negligent misrepresentation claim, the original Complaint failed to allege any facts showing a "special relationship" between Mr. Sambol and plaintiffs. *Id.* at 15. The Amended Complaint makes no attempt to—and does not—remedy any of these defects. *See* RJN, Ex. A ¶¶304-309 & ¶¶382-96. The allegations have been realleged verbatim. Accordingly, these claims against Mr. Sambol should now be dismissed with prejudice. *See, e.g.*,

---

[1] Rather than repeat the grounds briefed in support of his motion to dismiss the original Complaint, Mr. Sambol references and incorporates the memoranda (and supporting pleadings) in support of his prior motion to dismiss (Dkt. Nos. 92 & 109).

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).[2]

## II.   SECTION 15 CLAIM AGAINST MR. SAMBOL

The Dismissal Order also dismissed the claim brought under Section 15 of the Securities Act of 1933 against Mr. Sambol to the extent it relied on inadequate title transfer allegations.  Dismissal Order at 6.  Again, the Amended Complaint realleges those claims but contains no new or additional allegations to remedy this defect (*see* RJN, Ex. A ¶¶378-81), so the Court should dismiss the Section 15 claim with prejudice with respect to those inadequate allegations.  The Court should also dismiss the Section 15 claim with prejudice for the reasons identified in the Countrywide Defendants' contemporaneously submitted motion to dismiss, which Mr. Sambol has joined and incorporates by reference.

Dated:  March 30, 2012                    Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:         */s/ Michael C. Tu*
                Michael C. Tu

Attorneys for Defendant David Sambol

---

[2] As discussed in the Countrywide Defendants' Memorandum of Points and Authorities in Support of Their Motion to Dismiss Plaintiffs' Amended Complaint ("CW Br."), which Mr. Sambol has joined, the common law claims should be dismissed for the additional reason that they are time-barred under the New York borrowing statute as to those plaintiffs incorporated in Delaware and Massachusetts.  *See* CW Br. at 3-9.