1  **DLA PIPER LLP (US)**
2  SHIRLI FABBRI WEISS (Bar No. 079225)
   shirli.weiss@dlapiper.com
3  401 B Street, Suite 1700
   San Diego, CA  92101-4297
4  Tel:  (619) 699-2700 | Fax:  (619) 699-2701

5  NICOLAS MORGAN (Bar No. 166441)
   nicolas.morgan@dlapiper.com
6  1999 Avenue of the Stars, Suite 400
   Los Angeles, CA  90067-6022
7  Tel:  (310) 595-3000 | Fax:  (310) 595-3300
8
9  DAVID PRIEBE (Bar No. 148679)
   david.priebe@dlapiper.com
10 2000 University Avenue
   East Palo Alto, CA 94303-2248
11 Tel:  (650) 833-2000 | Fax:  (650) 833-2001

12 Attorneys for Defendant ERIC SIERACKI

13
                    UNITED STATES DISTRICT COURT
14
                   CENTRAL DISTRICT OF CALIFORNIA
15
                          WESTERN DIVISION
16

17 | DEXIA HOLDINGS, INC. *et al.*, | No. 2:11-cv-07165-MRP-MAN |
   |---|---|
18 | *Plaintiffs*, | **MOTION TO DISMISS AMENDED COMPLAINT OF ERIC SIERACKI** |
19 | v. | |
20 | COUNTRYWIDE FINANCIAL CORPORATION *et al.*, | Date:  May 17, 2012<br>Time:  11:00 a.m.<br>Courtroom: 12 |
21 | *Defendants*. | Judge:  The Hon. Mariana R. Pfaelzer |

#229721486 (WEST)                                  SIERACKI MOTION TO DISMISS AMENDED COMPLAINT
                                                   Case No. 2:11-cv-07165-MRP-MAN

1 **NOTICE OF MOTION AND MOTION**

2 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3 PLEASE TAKE NOTICE THAT on May 17, 2012, at 11:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Mariana R. Pfaelzer, United States District Judge, 312 North Spring Street, Los Angeles, California, defendant Eric P. Sieracki will and hereby does move for an order dismissing with prejudice the transfer of title allegations underlying the Seventh Cause of Action of Plaintiffs' Amended Complaint dated March 9, 2012 (the "Complaint"), the only cause of action asserted against him in the Complaint.

The grounds for this Motion are limited. The Court's Order Re Motions To Dismiss The Complaint (docket #177) ("Dismissal Order") allowed a claim brought against Mr. Sieracki in Plaintiffs' initial complaint, asserted under Section 15 of the Securities Act of 1933, to proceed with respect to two securities allegedly purchased by Plaintiffs. This is the only claim that has been asserted against Mr. Sieracki in the subsequently-filed, operative Complaint. Mr. Sieracki preserves for the appellate record his prior arguments, not accepted by the Court, that this claim should be dismissed on independent grounds. Mr. Sieracki, like the Countrywide Defendants, seeks dismissal with prejudice of the transfer of title allegations that the Dismissal Order found inadequate, which Plaintiffs elected not to amend.

This motion is made based on this Notice of Motion; the Memorandum of Points and Authorities, *infra*; the Countrywide Defendants' Memorandum Of Points And Authorities In Support Of Their Motion To Dismiss Plaintiffs' Amended Complaint; the prior pleadings and other papers filed in this case, including the Dismissal Order; all papers, pleadings, documents, arguments of counsel, and other materials presented before or during the hearing on this motion; and any other evidence and argument the Court may consider.

Pursuant to Local Rule 7-3, counsel for Defendants informed counsel for Plaintiff that they intended to move to dismiss or answer on March 21, 2012, and upon disagreement as to whether dismissal was appropriate agreed to a schedule for the briefing and answer, as subsequently approved by the Court.

Respectfully submitted,

March 30, 2012

DLA PIPER LLP (US)

By: /s/ *David Priebe*
Attorneys for Defendant ERIC SIERACKI

## MEMORANDUM OF POINTS AND AUTHORITIES

Eric P. Sieracki brings this limited motion to address the claims that actually or potentially remained after the Court's February 17, 2012 Dismissal Order. The prior complaint had asserted two causes of action against Mr. Sieracki: the Fifth Cause of Action and the Seventh Cause of Action. The operative Complaint, filed after the Dismissal Order, asserts as against Mr. Sieracki only a portion of the prior Seventh Cause of Action.

## I.   CLAIMS DISMISSED WITH PREJUDICE BY THE DISMISSAL ORDER AND NOT REASSERTED IN THE COMPLAINT

The Fifth Cause of Action in the prior complaint had been brought under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. The Court held that the claim was time-barred as to all defendants with respect to those securities that had not been purchased by a named plaintiff in the cases from which Plaintiffs sought tolling under *American Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974). This left a Section 11 claim based on two securities, CWMBS 2007-5 A2 and CWHEQ 2006-S7 A3. Dismissal Order at 4:7-5:2. The Court then held that the Section 11 claims based on these remaining securities was time-barred as against the officers and director defendants (as distinguished from entity defendants), including Mr. Sieracki, even if tolled under *American Pipe*. *Id.* at 5:5-19.

The Seventh Cause of Action in the prior complaint asserted claims under Section 15 of the Securities Act of 1933, 15 U.S.C. § 77o, against Mr. Sieracki and others. The Court's ruling on the tolling of the Section 11 claims also barred the Section 15 claims as to those securities that had not been purchased by a named plaintiff in the cases from which Plaintiffs sought *American Pipe* tolling, leaving, again, claims based only on two securities, CWMBS 2007-5 A2 and CWHEQ 2006-S7 A3. Dismissal Order at 4:21-5:2 (including Cause of Action Seven in tolling ruling).

The above dismissals were with prejudice. The subsequently-filed Complaint does not reassert a Section 11 claim against Mr. Sieracki as to any security. It also does not reassert a Section 15 claim as to those securities for which the Section 11 claims were untimely as to all defendants (*i.e.*, all securities other than CWMBS 2007-5 A2 and CWHEQ 2006-S7 A3). *See* Complaint at 1 n.1 (explaining that claims dismissed without leave to amend had not been reasserted). Thus, this motion need not and does not address the previously-dismissed claims.[1]

## II. SECTION 15 CLAIMS ALLOWED BY THE PRIOR DISMISSAL ORDER

Plaintiffs' subsequently-filed Complaint reasserts, as the Seventh Cause of Action, Sections 15 claims against Mr. Sieracki based on the alleged purchases of CWMBS 2007-5 A2 and CWHEQ 2006-S7 A3. The Dismissal Order declined to dismiss these claims as against Mr. Sieracki and some of the other individual defendants. The Court held that Mr. Sieracki and other individual defendants had been consistently accused of violating the Securities Act; and hence that the claims under Section 15 were timely despite the fact that the defendants had been dropped as Section 15 defendants in the consolidated *Luther* complaint filed in October 2008. The Court also held that the complaint's allegations were "marginally sufficient" to plead control person status. Dismissal Order at 8:1-24.

Mr. Sieracki does not seek to reargue the denial of his prior motion as to these claims, but rather preserves his dismissal arguments for the appellate record. *See also Madani v. Shell Oil Co.*, No. CV-08-1283-GHK (JWJx), 2008 WL 7856015, *3 (C.D. Cal. July 11, 2008) (not cited in prior papers) ("Defendants did not merely lack notice of the claims at issue here. Once counsel [in the class action] disclaimed any reliance on the [separate theory], Defendants had affirmative notice that such claims were not at issue."), *aff'd*, 357 Fed. Appx. 158 (9th Cir.

---

[1] For the record, Mr. Sieracki preserves the arguments for dismissal previously made as to these claims, including the arguments accepted by the Court.

1  2009), *cert denied*, 130 S. Ct. 3477 (2010).  This includes the argument (which Mr.
2  Sieracki made but which was not explicitly mentioned in the Dismissal Order) that
3  in no event may a Section 15 claim be brought more than three years after the date
4  of a prospectus supplement, notwithstanding *American Pipe,* according to Section
5  13 of the Securities Act of 1933.  15 U.S.C. § 77m; *Footbridge Limited Trust v.*
6  *Countrywide Fin. Corp.*, 770 F. Supp. 2d 618 (S.D.N.Y. 2011).
7        The Court also held that the allegations of the prior complaint pleaded a false
8  or misleading statement, except with respect to transfer of title allegations, as to
9  CWMBS 2007-5 A2 and CWHEQ 2006-S7 A3.  Dismissal Order at 6:1-19, 10:17-
10 20.  The dismissal as to the transfer of title allegations was without prejudice.
11 While the Section 11 claims based on these securities was dismissed with prejudice
12 as to Mr. Sieracki and has not been reasserted in the Complaint, the Section 15
13 claims against Mr. Sieracki based on these securities rely on the falsity allegations
14 addressed in the Dismissal Order.  In the subsequently-filed Complaint, Plaintiffs
15 elected not to amend as to the transfer of title allegations.  *See* Complaint at 1 n.1.
16 Mr. Sieracki thus joins in the Countrywide Defendants' motion seeking dismissal of
17 those allegations with prejudice.  *See* Countrywide Defendants' Memorandum Of
18 Points And Authorities In Support Of Their Motion To Dismiss Plaintiffs'
19 Amended Complaint at 2.  Mr. Sieracki does not seek to reargue the denial of the
20 motion as to the adequacy of the falsity allegations on other grounds, but rather
21 preserves his arguments as to why those claims should be dismissed for the
22 appellate record.
23       Respectfully submitted,
24 March 30, 2012                DLA PIPER LLP (US)

By: _/s/ David Priebe_
Attorneys for Defendant ERIC SIERACKI