1   BERNSTEIN LITOWITZ BERGER
        & GROSSMANN LLP
2   BLAIR A. NICHOLAS (Bar No. 178428)
    (blairn@blbglaw.com)
3   TIMOTHY A. DELANGE (Bar No. 190768)
    (timothyd@blbglaw.com)
4   BRETT M. MIDDLETON (Bar No. 199427)
    (brettm@blbglaw.com)
5   JOSEPH W. GOODMAN (Bar. No. 230161)
    (joseph.goodman@blbglaw.com)
6   12481 High Bluff Drive, Suite 300
    San Diego, CA 92130
7   Tel:   (858) 793-0070
    Fax:   (858) 793-0323
8          -and-
9   DAVID L. WALES
    (davidw@blbglaw.com)
10  JAI K. CHANDRASEKHAR
    (jai@blbglaw.com)
11  LAUREN A. MCMILLEN
    (lauren@blbglaw.com)
12  1285 Avenue of the Americas
    New York, NY 10019
13  Tel:   (212) 554-1400
    Fax:   (212) 554-1444
14
    *Counsel for Plaintiffs*
15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                     WESTERN DIVISION

18  | In re COUNTRYWIDE FINANCIAL | Case No. 11-ML-2265-MRP |
19  | CORP. MORTGAGE-BACKED | (MANx) |
    | SECURITIES LITIGATION CASES | |
20  | | |
    | | **DEXIA PLAINTIFFS'** |
21  | DEXIA HOLDINGS, INC, et al., | **OPPOSITION TO DEFENDANTS'** |
    | | **MOTIONS TO DISMISS THE** |
22  |                    Plaintiffs, | **AMENDED COMPLAINT** |
    | | |
23  |          v. | |
    | | Judge: Hon. Mariana R. Pfaelzer |
24  | COUNTRYWIDE FINANCIAL | Courtroom: 12 |
    | CORPORATION, et al., | |
25  | | |
    |                    Defendants. | Case No. 11-CV-07165-MRP |
26  | | (MANx) |
27
28

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................... ii

I.     INTRODUCTION ...........................................................................1

II.    PLAINTIFFS' CLAIMS ARE TIMELY UNDER NEW YORK LAW...................................................................4

       A.    The Plaintiffs Are New York Residents................................4

       B.    The Causes Of Action Accrued In New York ......................................................................................8

III.   THE AMENDED COMPLAINT STATES CONTROL PERSON CLAIMS AGAINST ADLER, KRIPALANI AND SANDEFUR ......................10

IV.    THE DEXIA PLAINTIFFS' RESPONSES TO DEFENDANTS' REMAINING MOTIONS TO DISMISS........................................................................12

V.     CONCLUSION.................................................................13

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Ackerman v. Price Waterhouse*,
  252 A.D. 2d 179, 683 N.Y.S.2d 179 (N.Y.A.D. 1 Dept. 1998) ..........................6

*In re Adaptive Broadband Sec. Litig.*,
  No. C01-1092 SC, 2002 WL 989478 (N.D. Cal. Apr. 2, 2002).................10, 12

*Allegaert v. Warren*,
  480 F. Supp. 817 (D.C.N.Y. 1979) .......................................................5

*Allstate Ins. Co. v. Countrywide Fin. Corp.*,
  No. 11-CV-05236-MRP(MANx), 2012 WL 335730 (C.D. Cal. Feb. 2,
  2012) ....................................................................................13

*Am. Lumbermens Mut. Cas. Co. of Ill. v. Cochrante*,
  284 A.D. 884 (N.Y. App. Div. 1954) ...................................................8

*Antone v. Gen. Motors Corp., Buick Motor Div.*,
  64 N.Y.2d 20 (N.Y. 1984) ..............................................................6

*Boerger v. Heiman*,
  965 A.2d 671 (Del. 2009) ...............................................................9

*Britton v. Thompson*,
  No. 986204, 2001 WL 170656 (Mass. Jan. 5, 2001)...............................9

*In re Calpine Corp. Sec. Litig.*,
  288 F. Supp. 2d 1054 (N.D. Cal. 2003).............................................12

*China Dev. Indus. Bank v. Morgan Stanley & Co. Inc.*,
  927 N.Y.S. 2d 52 (2011)...............................................................10

*In re Countrywide Fin. Corp. Sec. Litig.*,
  588 F. Supp. 2d 1132 (C.D. Cal. 2008)............................................11

*In re Cylink Sec. Litig.*,
  178 F. Supp. 2d 1077 (N.D. Cal. 2001)............................................12

*Forsyth v. Humana, Inc.*,
  114 F.3d 1467 (9th Cir. 1997) ....................................................13, 14

*Global Fin. Corp. v. Triarc Corp.*,
   93 N.Y.2d 525 (N.Y. 1999) ...................................................................9

*Gorlin v Bond Richman & Co.*,
   706 F. Supp. 236 (S.D. N.Y. 1989) .......................................................9

*Howard v. Everex Sys.*,
   228 F.3d 1057 (9th Cir. 2000) .............................................................10

*In re Int'l Rectifier Corp. Sec. Litig.*,
   No. CV 07-02544-JFW(vBKx), 2008 WL 4555794 (C.D. Cal. May 23,
   2008) ....................................................................................................10

*Investigative Grp. v. Brooke Grp.*,
   No. 95 Civ. 3919(CSH), 1997 U.S. Dist. LEXIS 18513 (S.D.N.Y. Nov.
   20, 1997) ................................................................................................5

*Kat House Prods., LLC v. Paul, Hastings, Janofsky & Walker, LLP*,
   No. 106781/2008, 2009 N.Y. Misc. LEXIS 5403, at *8-9 (N.Y. Super.
   Ct. Apr. 6, 2009) ...................................................................................9

*Katz v. China Century Dragon Media, Inc.*,
   No. LA CV 11-02769 JAK (SSx), 2011 WL 6047093 (C.D. Cal. Nov. 30,
   2011) ....................................................................................................12

*McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   727 F. Supp. 833 (S.D.N.Y. 1989) .........................................2, 4, 5, 6

*In re Metawave Commc'ns Corp. Sec. Litig.*,
   298 F. Supp. 2d 1056 (W.D. Wash. 2003) ..........................................10

*Nat'l Integrity Life Ins. Co. v. Countrywide Fin. Corp.*,
   No. 2:11-CV-9889-MRP-MAN (C.D. Cal. Feb. 3, 2012)...................3, 7

*Nat'l Union Fire Ins. Co. v. Worley*,
   257 A.D.2d 228 (N.Y. App. Div. 1st Dep't 1999) .............................2, 4

*National Union Fire Ins. Co. v. Forman 635 Joint Venture*
   No. 94 Civ. 1312 (LLS), 1996 U.S. Dist. LEXIS 13014,
   (S.D.N.Y. Sept. 4, 1996)........................................................................8

*Portfolio Recovery Assoc., LLC v. King*,
   14 N.Y.3d 410 (N.Y. 2010) ...................................................................7

*Proforma Partners, LP v. Skadden Arps Slate Meagher & Flom, LLP*,
   280 A.D.2d 303, 720 N.Y.S.2d 139 (N.Y.A.D. 1 Dept. 2001) ............................6

*Protostorm, LLC v. Antonelli*,
   No. 08-CV-931 (NGG)(Jo), 2011 U.S. Dist. LEXIS 137033 (E.D.N.Y.
   Nov. 29, 2011) ............................................................................5

*Rafton v. Syndex Series Funds*,
   No. 10-CV-01171-LHK, 2011 WL 31114 (N.D. Cal. Jan. 4, 2011) .............11, 12

*Robb Evans & Assoc. LLC v. Sun Am. Life Ins.*,
   No. 10 Civ. 5999 (GBD) 2012 U.S. Dist. LEXIS 19759 (S.D.N.Y. Feb.
   14, 2012) ......................................................................................5

*Sack v. Low*,
   478 F.2d 360 (2d Cir. 1973) ......................................................4

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
   No. 10-CV-07275 MRP (MANx), 2011 WL 3558173 (C.D. Cal. Aug. 9,
   2011 ............................................................................10

*Verizon Directories Corp. v. Continuum Health Partners, Inc.*,
   74 A.D. 3d 416 (N.Y. App. Div. 2010) ...............................................8

*Wool v. Tandem Computers*,
   818 F.2d 1433 (9th Cir. 1987) ..................................................10

*Wydallis v. United States Fidelity & Guaranty Co.*,
   63 N.Y.2d 872 (N.Y. 1984) ...................................................3, 7

STATUTES

15 U.S.C. § 77o............................................................................12

N.Y.C.P.L.R. § 202.........................................................................passim

Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*.................................1

OTHER AUTHORITIES

1 Weinstein, Korn & Miller, New York Civil Practice § 202.03 (1989) .................6

Plaintiffs Dexia Holdings, Inc., FSA Asset Management LLC, Dexia Crédit Local, New York Branch, New York Life Insurance Co., New York Life Insurance and Annuity Corp., The MainStay Funds, MainStay VP Series Fund, Inc., Teachers Insurance and Annuity Association of America, TIAA-CREF Life Insurance Co., TIAA Global Markets, Inc., College Retirement Equities Fund, and the TIAA-CREF Funds (collectively, the "Dexia Plaintiffs" or "Plaintiffs") respectfully submit this omnibus opposition to the motions to dismiss filed by Defendants: (i) Ranjit Kripalani ("Kripalani") and Jennifer S. Sandefur ("Sandefur") [ECF No. 182]; (ii) Angelo Mozilo [ECF No. 183]; (iii) N. Joshua Adler ("Adler"), Countrywide Financial Corporation, Countrywide Securities Corporation, CWABS, Inc., CWALT, Inc., CWHEQ, Inc., CWMBS, Inc., Countrywide Capital Markets, LLC, Countrywide Home Loans Servicing LP and Countrywide Home Loans, Inc. [ECF No. 186]; (iv) David A. Sambol ("Sambol") [ECF No. 187]; (v) Eric Sieracki ("Sieracki") [ECF No. 189]; and (vi) Bank of America Corp., NB Holdings Corp. and BAC Home Loans Servicing, L.P. (the "Bank of America Defendants") [ECF No. 190] (collectively, the "Defendants").

# I.    INTRODUCTION

On February 17, 2012, the Court sustained Plaintiffs' common law fraud claims related to 148 Countrywide residential mortgage-backed securities ("RMBS") purchases.  ECF No. 177 ("February 17 Order").  Specifically, the Court found that "[t]he fraud and fraudulent inducement allegations are sufficient with respect to Plaintiffs' systematic abandonment of underwriting standards, appraisals, LTV ratios, and ratings claims." *Id.* at 10.  The Court also sustained Plaintiffs' Securities Act of 1933 ("Securities Act") claims, including their Section 15 control person claims, as to two offerings.  *Id.* at 6-8 ("Plaintiffs' claim that Countrywide abandoned its underwriting standards and that the abandonment infected the Offering Documents for all Countrywide-issued RMBS is adequately pleaded").  In addition, the February 17 Order provided Plaintiffs leave to amend

their allegations related to transfer of title, negligent misrepresentation, aiding and abetting and successor liability.

On March 9, 2012, Plaintiffs filed the Amended Complaint, which re-asserted verbatim the sustained fraud, fraudulent inducement and Securities Act claims. ECF No. 179. Plaintiffs did not amend their claims relating to transfer of title, negligent misrepresentation, or aiding and abetting, but included them solely to preserve appellate rights.[1] Plaintiffs amended the successor liability allegations, and asserted two additional causes of action against the Bank of America Defendants. On March 30, 2012, Defendants filed motions to dismiss.[2]

Defendants now contend that because certain Plaintiffs are incorporated outside New York, the New York borrowing statute applies and certain of Plaintiffs' fraud claims are time-barred. This contention is without merit. The New York borrowing statute (N.Y.C.P.L.R. § 202) was enacted to prevent forum shopping and only applies where the plaintiff is a ***nonresident*** and the cause of action accrued outside of New York. Both state and federal courts throughout New York recognize that a corporation qualifies as a "resident" for purposes of § 202 when its principal place of business is located in New York. *See Nat'l Union Fire Ins. Co. v. Worley*, 257 A.D.2d 228, 232 (N.Y. App. Div. 1st Dep't 1999); *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833, 834 (S.D.N.Y. 1989). Here, all Plaintiffs are quintessential New York entities with their principal places of business located in New York. ¶¶15-17, 164.

---

[1] ¶1 n.1. "¶_" refers to paragraph(s) in the Amended Complaint.

[2] Defendants do not challenge the sustained Section 11 and Section 12(a)(2) Securities Act claims or the sustained Section 15 claims against Countrywide Financial Corp., Countrywide Securities Corp., Countrywide Home Loans, Countrywide Capital Markets, Sambol, and Sieracki. Sieracki filed a separate motion to dismiss, but only to preserve "his dismissal arguments for the appellate record." ECF No. 189 at 2.

Defendants attempt to argue – in direct contradiction to their position before this Court two months ago – that the state of incorporation controls for purposes of the New York borrowing statute. *See* Memorandum of Law in Support of Countrywide Defendants' Motion, ECF No. 186-1 at 4, n.2 ("CW Br.") (noting that Defendants argued in *National Integrity Life Ins. Co. v. Countrywide Fin. Corp.* No. 2:11-CV-9889-MRP-MAN (C.D. Cal. Feb. 3, 2012) that "'[a] corporations' principal place of business, rather than its state of incorporation, determines its residence'"). Indeed, in *National Integrity*, Defendants argued that "*both* a corporation's state of incorporation *and* its principal place of business are relevant for determining whether the corporation is a resident" under New York's borrowing statute. *See National Integrity*, Omnibus Reply Memorandum of Points & Authorities in Support of Countrywide Defendants' Motions to Dismiss. ECF No. 100 at 36-37 (emphasis in original).

Moreover, Defendants improperly attempt to transform this Court's holding in *National Integrity* and the New York Court of Appeals' holding in *Wydallis v. United States Fidelity & Guaranty Co.,* 63 N.Y.2d 872, 873-75 (N.Y. 1984) into a new rule of law that would mean corporations headquartered in the state of New York are no longer considered "residents" for purposes of § 202 simply because they are incorporated in another state. Defendants' argument fails, *inter alia*, because neither decision involved whether a principal place of business in New York qualifies a plaintiff as a "resident" under New York's borrowing statute.

Finally, ignoring the February 17 Order's conclusion that Plaintiffs' control person allegations created "a plausible inference that a director or high-level officer of an entity exercised control over that entity," *id.*, at 8, Defendants contend that Adler, Kripalani and Sandefur cannot be control persons under Section 15 because they did not sign the registration statements at issue. Defendants are wrong. Adler, Kripalani and Sandefur were, among other positions, members of the Board of Directors for the Depositor Defendants CWALT, CWMBS, CWABS

and CWHEQ (which acted as the issuers for the RMBS at issue).  Countless courts – including this one – have agreed that defendants occupying these positions are control persons.  February 17 Order at 8 ("It is a plausible inference that a director or high-level officer of an entity exercised control over that entity").  Accordingly, Defendants' renewed motions to dismiss should be denied.

## II. PLAINTIFFS' CLAIMS ARE TIMELY UNDER NEW YORK LAW

The New York borrowing statute only applies where: (1) the plaintiff is a nonresident; *and* (2) the cause of action accrued outside of New York.  The purpose of the borrowing statute is to "protect New York residents from forum shopping by foreign plaintiffs" and ensure that New York residents benefit from New York's statute of limitations.  *See McMahan*, 727 F. Supp. at 834 (citations omitted); *see, e.g., Sack v. Low*, 478 F.2d 360, 367 (2d Cir. 1973).

Here, all the Plaintiffs have principal places of business in New York and the causes of action accrued in New York.  Accordingly, the New York borrowing statute does not apply and Defendants' motion should be denied.[3]

### A. The Plaintiffs Are New York Residents

Under New York law, corporations that have principal places of business in New York qualify as "residents" for purposes of § 202.  *See Nat'l Union*, 257 A.D.2d at 232 (holding that a Pennsylvania corporation with its principal place of business in New York City, was a resident of New York County); *McMahan*, 727

_____

[3]  Defendants challenge the timeliness of the following Plaintiffs' fraud claims: Dexia Holdings, Inc. (¶15), FSA Asset Management LLC (¶15), New York Life Insurance and Annuity Corp. (¶16), TIAA Global Markets, Inc. (¶17), TIAA-CREF Funds (¶17) and The MainStay Funds (¶16).  Defendants do not challenge the timeliness of the following Plaintiffs' claims: Dexia Crédit Local, New York Branch (¶15), New York Life Insurance Company (¶16), Mainstay VP Series Fund, Inc. (¶16), MainStay Income Builder Fund (¶16), Teachers Insurance and Annuity Association of America (¶17), TIAA-CREF Life Insurance Company (¶17) and the College Retirement Equities Fund (¶17).

F. Supp. at 834; *Allegaert v. Warren*, 480 F. Supp. 817, 820 (D.C.N.Y. 1979). This rule aligns with the policy of the borrowing statute to prevent nonresidents from forum shopping. *See id.* In *Allegaert*, a trustee in bankruptcy asserted the claims of a Delaware corporation that had its principal place of business in New York. The court stated that, in light of the policies underlying the borrowing statute:

> ***There is no reason not to extend these protections to a corporation having its principal home in New York merely because it is incorporated in a foreign state.*** Indeed, the converse is true. Plaintiff's predecessor chose New York as its business center. Such a corporation is not forum shopping simply because it avails itself of a court in New York. ***Moreover, New York has a strong interest in extending to corporations maintaining their principal offices here the benefits economic or otherwise of a longer statute of limitations.*** Strong policy considerations therefore support the conclusion that … the New York statute of limitations should apply.

*Id.* at 820 (emphasis added). *See also Robb Evans & Assoc. LLC v. Sun Am. Life Ins.,* No. 10 Civ. 5999 (GBD), 2012 U.S. Dist. LEXIS 19759, at *10-11 (S.D.N.Y. Feb. 14, 2012) (holding that principal place of business controls and rejecting arguments of "significant connection" to alternative forum); *Protostorm, LLC v. Antonelli*, No. 08-CV-931 (NGG)(Jo), 2011 U.S. Dist. LEXIS 137033, at *29-30 (E.D.N.Y. Nov. 29, 2011) ("while Protostorm is registered in Delaware, its principal place of business is in New York, making it a New York resident for purposes of C.P.L.R. § 202."); *Investigative Grp. v. Brooke Grp.*, No. 95 Civ. 3919(CSH), 1997 U.S. Dist. LEXIS 18513, at *8 (S.D.N.Y. Nov. 20, 1997) ("[f]or purposes of the borrowing statute, plaintiff is not a resident of New York because a corporation's residence is its principal place of business.").

The decision of the New York Court of Appeals in *Antone v. Gen. Motors Corp., Buick Motor Div.,* 64 N.Y.2d 20, 30 (N.Y. 1984) is instructive. There, New York's highest court made clear that if a plaintiff satisfies the New York venue requirements, it is also a resident for purposes of § 202. *See id.* ("if an individual can show that he is a resident of a particular county in the State for venue purposes, he will also be a resident of the State itself for purposes of CPLR 202."). Indeed, a well-respected New York civil practice guide stated, "after *Antone*, the existence of **a principal office in New York** should result in a finding of residence under CPLR § 202." 1 Weinstein, Korn & Miller, New York Civil Practice § 202.03 (emphasis added); *see also McMahan*, 727 F. Supp. at 834.

Here, the Plaintiffs subject to Defendants' renewed motion are quintessential New York residents with principal places of business in New York.[4] For example, New York Life Insurance and Annuity Corp.'s headquarters is located in New York, New York, in the "New York Life Building" at 51 Madison Avenue. ¶16. The principal executive offices of TIAA Global Markets, Inc. and TIAA-CREF Funds are located at 730 Third Avenue, New York, New York. ¶17. Dexia Holdings, Inc. and its wholly-owned subsidiary FSA Asset Management LLC – whose principal offices are located in New York, New York – are both affiliates of the New York Branch of Dexia Crédit Local, a banking institution licensed by the New York State Banking Department. ¶15. The MainStay Funds are located in New York, New York as well. ¶16. Moreover, all of the RMBS at issue – including those purchased by the challenged Plaintiffs – were purchased in New York by employees residing in the New York area. *See* Declarations of Jonathan

---

[4] ¶¶15-17, 164. Principal place of business also determines residency for other types of businesses, such as partnerships. *See Proforma Partners, LP v. Skadden Arps Slate Meagher & Flom, LLP*, 280 A.D.2d 303, 720 N.Y.S.2d 139 (N.Y.A.D. 1 Dept. 2001); *Ackerman v. Price Waterhouse*, 252 A.D. 2d 179, 192, 683 N.Y.S.2d 179, n.5 (N.Y.A.D. 1 Dept. 1998).

Peterson (¶¶3-4), Edward Fitzgerald (¶¶4-5) and Eric Saari (¶¶3-4) in Opposition to Defendants' Motion to Transfer, ECF No. 76, Exs. C, D, E.

Defendants do not contest that the principal places of business for all the Plaintiffs are in New York.  Nor do they cite any authority holding that a corporation is not a "resident" of the state where its principal place of business is located.  *See* CW Br. at 3-10.  *Id.*  Rather, they misleadingly attempt to create the impression that only the state of incorporation controls for purposes of the New York borrowing statute.  This contention is without merit and is directly contrary to Defendants' position before this Court just two months ago when, in *National Integrity*, Defendants argued that "'[a] corporation's principal place of business, rather than its state of incorporation, determines its residence.'"  *See* No. 2:11-cv-09889-MRP, ECF No. 100 at 36-37.

Defendants' reliance on *Wydallis*, 63 N.Y.2d at 873-75 is misplaced.  In *Wydallis*, the Court of Appeals of New York ruled that a plaintiff incorporated in New York **can** be considered a "resident" for purposes of § 202.  Defendants' improperly attempt to transform this holding into a new rule whereby entities incorporated out of state are never considered residents.  Such a rule would violate established law in New York holding that a corporation is a resident of the state where its principal place of business is located.  *Wydallis* does **not** stand for the proposition that corporations with principal places of business in New York (such as Plaintiffs here) are not considered "residents" simply because they are incorporated elsewhere.  Nor does this Court's decision in *National Integrity* – which cites *Wydallis* – stand for this proposition.  Indeed, the corporation in *National Integrity* had its principal place of business in Ohio and this Court did not reach the question of whether a principal place of business in New York is sufficient for purposes of the New York borrowing statute.

The other cases Defendants rely upon are equally unpersuasive.  In *Portfolio Recovery Assoc., LLC v. King*, the plaintiff was assigned the collection claims at

DEXIA PLAINTIFFS' OPPOSITION TO MTD
Case No. 11- CV-07165-MRP (MANx)

issue by Discover Bank, which was a Delaware corporation with its principal place of business in Greenwood, Delaware.  14 N.Y.3d 410, 415-16 (N.Y. 2010).   In *Verizon Directories Corp. v. Continuum Health Partners, Inc.*, the court's two paragraph decision does not specify the plaintiff's principal place of business and merely rejects arguments concerning "extensive presence" in New York.  *See* 74 A.D. 3d 416, 416-17 (N.Y. App. Div. 2010).   Finally, Defendants misstate the holding of *Am. Lumbermens Mut. Cas. Co. of Ill. v. Cochrante*, 284 A.D. 884 (N.Y. App. Div. 1954).  *See* Def. Br. at 4 n.2 ("plaintiff with principal place of business in New York was not a New York resident for borrowing statute purposes where incorporated outside New York").   As the court in *National Union Fire Ins. Co. v. Forman 635 Joint Venture* made clear:

> the actual holding in *Lumbermen's* is narrower [than] the court's sweeping language suggests.   In that case, the corporate plaintiff argued that it was a resident of New York for purposes of the borrowing statute because it had qualified to do business and maintained an office there; ***it did not claim that its principal place of business was in New York.***

No. 94 Civ. 1312 (LLS), 1996 U.S. Dist. LEXIS 13014, at *10-11 (S.D.N.Y. Sept. 4, 1996) (emphasis added) (holding that National Union, a Pennsylvania corporation with its principal place of business in New York, is a New York resident for purposes of § 202).

In sum, Defendants do not challenge: (1) that a corporation is a resident of the state where its principal place of business is located; or (2) that Plaintiffs' principal places of business are all in New York.   Accordingly, the borrowing statute does not apply and Plaintiffs' claims are timely.

### B.   The Causes Of Action Accrued In New York

In cases of purely economic injury (such as this), "the place of injury usually is where the plaintiff resides ***and sustains the economic impact of the loss***."  *See*

*Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 529-530 (N.Y. 1999) (emphasis added); *see Gorlin v Bond Richman & Co.*, 706 F. Supp. 236, 240 (S.D.N.Y. 1989) ("[f]or purposes of the New York borrowing statute, a cause of action accrues where the injury is sustained.  In cases involving economic harm, that place is normally the state of plaintiff's residence.").  In *Kat House Prods., LLC v. Paul, Hastings, Janofsky & Walker, LLP*, the court rejected the argument that the economic loss could be incurred anywhere besides the location of the plaintiff's business:

> [I]t is site of the harm suffered that is relevant.  *See Proforma Partners, LP v. Skadden*, 280 A.D.2d 303, 720 N.Y.S.2d 139, 140 (1st Dept. 2001).  This excludes New York, because the harm was not caused at the site of Defendant's business, ***but rather at Plaintiffs' business location***. Therefore, the Court finds that the cause of action accrued in California.

No. 106781/2008, 2009 N.Y. Misc. LEXIS 5403, at *8-9 (N.Y. Super. Ct. Apr. 6, 2009) (emphasis added).  Without question, Plaintiffs' claims accrued in New York because, as summarized above, Plaintiffs are residents of New York. Defendants fail to provide any reason why this rule should not be followed here and cannot credibly contend that Plaintiffs' losses were suffered in Delaware or Massachusetts, merely because they are incorporated in those states.

In short, Plaintiffs felt the loss of Defendants' fraud at their principal places of business in New York.  Accordingly, the causes of action accrued in New York and the borrowing statute does not apply.[5]

---

[5] Even if this Court were to determine that the New York borrowing statute applies – and as detailed above, it does not – Plaintiffs' claims are timely under the three-year statute of limitations in Massachusetts and Delaware.  In those jurisdictions, claims do not accrue until Plaintiffs could have discovered the underlying fraud. *See Britton v. Thompson*, No. 986204, 2001 WL 170656, at *2 (Mass. Jan. 5, 2001); *Boerger v. Heiman*, 965 A.2d 671, 674 (Del. Supr. 2009) (applying

## III.  THE AMENDED COMPLAINT STATES CONTROL PERSON CLAIMS AGAINST ADLER, KRIPALANI AND SANDEFUR

This Court has already upheld Section 15 control person claims against Defendants Adler, Kripalani and Sandefur and, on that basis alone, should deny Defendants' repetitive motion.  A claim for control person liability includes: (1) a primary violation of the securities laws; and (2) that the defendant exercised "control" over the primary violator.  *Howard v. Everex Sys.*, 228 F.3d 1057, 1065 (9th Cir. 2000).  Determining who is a controlling person is usually "an intensely factual question, involving scrutiny of the defendant's participation in the day-to-day affairs of the corporation and the defendant's power to control corporate actions."  *Howard*, 228 F.3d at 1065.  "At the motion to dismiss stage, allegations concerning an individual defendant's title and responsibilities are usually sufficient to establish control."  *In re Int'l Rectifier Corp. Sec. Litig.*, No. CV 07-02544-JFW(vBKx), 2008 WL 4555794, at *22 (C.D. Cal. May 23, 2008) (*citing In re Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1091 (W.D. Wash. 2003); *In re Adaptive Broadband Sec. Litig.*, No. C01-1092 SC, 2002 WL 989478, at *19 (N.D. Cal. Apr. 2, 2002)); *Wool v. Tandem Computers*, 818 F.2d 1433, 1441 (9th Cir. 1987) ("where the false or misleading information is conveyed in

discovery rule where, as here, the "injury is inherently unknowable" and the "claimant is blamelessly ignorant of the wrongful act").  Here, the initial complaint was filed on January 24, 2011, and Plaintiffs could not have discovered the underlying fraud before January 24, 2008.  *See, e.g., Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.,* No. 10-CV-07275 (MRP) (MANx), 2011 WL 3558173, at *8 (C.D. Cal. Aug. 9, 2011) ("Other complaints and public press reports make clear that a reasonable investor would have been aware of problems with underwriting at Countrywide by early 2008.").  Defendants' attempt to compare the allegations here to earlier complaints against Countrywide fails because those complaints did not assert fraud claims in connection with Countrywide RMBS.  At best, Defendants have raised an issue of fact which is not properly resolved on a motion to dismiss.  *See, e.g., China Dev. Indus. Bank v. Morgan Stanley & Co. Inc.*, 927 N.Y.S. 2d 52 (2011).

prospectuses, registration statements, annual reports, press releases, or other 'group-published information,' it is reasonable to presume that these are the collective actions of the corporate officers.").

In addition to "listing the defendant's name, title and listing which registration statements the defendants signed," February 17 Order at 8, the Amended Complaint makes clear that Defendants Adler, Kripalani and Sandefur were members of the Board of Directors for the Depositor Defendants CWALT, CWMBS, CWABS and CWHEQ.  ¶¶321-23.  These entities were the "issuers" of the RMBS for purposes of the securities laws.  In addition, Adler was President and Chief Executive Officer of the Depositor Defendants, while Sandefur was the Senior Managing Director and Treasurer of Countrywide Home.  *Id.*  By virtue of these positions, Adler, Kripalani and Sandefur had the power and influence, and exercised that power and influence, to cause the Depositor Defendants to engage in violations of the Securities Act.  ¶380.  Accordingly, they were controlling persons within the meaning of Section 15.  *Id.*  The February 17 Order held that these allegations create "a plausible inference that a director or high-level officer of an entity exercised control over that entity."[6]

Nevertheless, Defendants seek to create a new standard for control person liability – that the defendant must have signed the registration statement at issue.  *See* Motion to Dismiss of Defendants Kripalani and Sandefur, ECF No. 182-1 at 1-2.  Section 15 contains no such requirement and no court has ever imposed such a

---

[6] February 17 Order at 8 (citing *Rafton v. Syndex Series Funds*, No. 10-CV-01171-LHK, 2011 WL 31114, at *12 (N.D. Cal. Jan. 4, 2011)).  In upholding control person allegations against Kurland and other individual and officer defendants in another action, this Court has recognized that "[w]hether a defendant is a control person is a fact question *rarely appropriate for motion practice*."  *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1183 (C.D. Cal. 2008) (emphasis added).

1   requirement.[7]  *See, e.g., Adaptive Broadband*, 2002 WL 989478, at *19 ("the fact

2   that the named individual defendants held important positions in the company is

3   sufficient at the pleadings stage"); *In re Cylink Sec. Litig*., 178 F. Supp. 2d 1077,

4   1089 (N.D. Cal. 2001) (allegation that "the individual defendants, 'by virtue of

5   their executive and managerial positions had the power to control and influence

6   [Cylink], which they exercised' . . . [is] sufficient to support an inference that the

7   individual defendants controlled Cylink and its operations."). Defendants' reliance

8   on this Court's citation to *Rafton*, 2011 WL 31114 is misplaced.  February 17

9   Order at 8.  This Court cited *Rafton* as support for the plausibility of the inference

10  that "a director or high-level officer of an entity exercised control over that entity."

11  *Id. Rafton* did not articulate such a requirement that the controlling person sign the

12  offering documents, but merely described the control allegations in that case.

13  *Rafton*, 2011 WL 31114, at *12.[8]

14  **IV.    THE DEXIA PLAINTIFFS' RESPONSES TO
15          DEFENDANTS' REMAINING MOTIONS TO DISMISS**

16          As summarized above, the February 17 Order dismissed without prejudice

17  the claims relating to transfer of title, negligent misrepresentation, aiding and

18  abetting and successor liability and granted Plaintiffs leave to amend.   As

19  _____

20  [7]   Section 15 extends liability to "[e]very person who, by or through stock
21  ownership, agency, or otherwise . . . controls any person liable under sections [11
22  or 12.]" 15 U.S.C. § 77o.
    [8]   The other cases that Defendants rely on are inapposite.  In *Katz v. China Century
23  Dragon Media, Inc.*, No. LA CV11-02769 JAK(SSx), 2011 WL 6047093 (C.D.
24  Cal. Nov. 30, 2011), whether or not the individual defendant signed an SEC filing
    was not at issue.  Similarly, in *In re Calpine Corp. Sec. Litig*., 288 F. Supp. 2d
25  1054 (N.D. Cal. 2003), there was no allegation that the individual defendant had
26  "exercised any power or influence over the person or persons" committing the
    primary violation.  *Id.* at 1081.  By contrast, here, there are allegations that the
27  individual defendants used their power and influence "to cause the Depositor
28  Defendants to engage in violations of the Securities Act." ¶380.  Nothing more is
    required.

explained in the Amended Complaint, Plaintiffs did not amend these allegations and alleged them in the Amended Complaint solely to preserve their appellate rights. ¶1 n.1.  In response to Defendants' motion to dismiss these claims, Plaintiffs hereby incorporate all arguments set forth in their opposition to Defendants' initial motions to dismiss.  ECF No. 108.  Plaintiffs reserve all appellate rights with respect to these claims, including the right to argue that the February 17 Order [ECF No. 177] was decided incorrectly.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).

The Amended Complaint adds new allegations supporting Plaintiffs' claims for successor liability, actual fraudulent transfer and constructive fraudulent transfer against the Bank of America Defendants.  The amended factual allegations supporting these claims are materially identical to those asserted in *Allstate Ins. Co. v. Countrywide Fin. Corp.,* No. 11-CV-05236-MRP(MANx), 2012 WL 335730 (C.D. Cal. Feb. 2, 2012) ("*Allstate II*").  After full briefing and oral argument, this Court dismissed the successor liability claims in *Allstate II*, with prejudice.  Rather than waste the Court's and the parties' resources re-litigating issues this Court previously considered and decided, Plaintiffs hereby incorporate plaintiffs' arguments in *Allstate II* and preserve all such arguments for appeal, including the right to argue that *Allstate II* was decided incorrectly for any reason. Plaintiffs do not oppose entry of the Bank of America Defendants' proposed order.

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that the motions to dismiss filed by Defendants Kripalani and Sandefur [ECF No. 182-1] and the Countrywide Defendants [ECF No. 186-1] should be denied.  As to the remaining motions to dismiss filed by Defendants Mozilo [ECF No. 185], Sambol [ECF No. 187-1], Sieracki [ECF No. 189] and Bank of America [ECF No. 190-1], Plaintiffs incorporate their arguments in opposition to the previous motions to dismiss, as

well as the arguments in *Allstate II,* for purposes of preserving their appellate rights. *See Forsyth*, 114 F.3d at 1474.


Dated: April 23, 2012                    Respectfully submitted,

                                         */s/ Timothy A. DeLange*
                                         Timothy A. DeLange

                                         BLAIR A. NICHOLAS  (Bar No. 178428)
                                         (blairn@blbglaw.com)
                                         TIMOTHY A. DELANGE (Bar No. 190768)
                                         (timothyd@blbglaw.com)
                                         BRETT M. MIDDLETON (Bar No. 199427)
                                         (brettm@blbglaw.com)
                                         JOSEPH W. GOODMAN (Bar No. 230161)
                                         (joseph.goodman@blbglaw.com)
                                         12481 High Bluff Drive, Suite 300
                                         San Diego, CA 92130
                                         Tel:   (858) 793-0070
                                         Fax:   (858) 793-0323
                                                   -and-
                                         DAVID L. WALES
                                         (davidw@blbglaw.com)
                                         JAI K. CHANDRASEKHAR
                                         (jai@blbglaw.com)
                                         LAUREN A. MCMILLEN
                                         (lauren@blbglaw.com)
                                         1285 Avenue of the Americas, 38th Floor
                                         New York, NY 10019
                                         Tel:   (212) 554-1400
                                         Fax:   (212) 793-1444


                                         *Counsel for Plaintiffs*