WILLIAM F. SULLIVAN (SB# 78353)
williamsullivan@paulhastings.com
JOSHUA G. HAMILTON (SB# 199610)
joshuahamilton@paulhastings.com
PETER Y. CHO (SB# 255181)
petercho@paulhastings.com
JENIFER Q. DOAN (SB# 271571)
jeniferdoan@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendants
*N. Joshua Adler, Ranjit Kripalani* and *Jennifer S. Sandefur*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | CASE NO. 11-ML-02265-MRP (MANx)<br><br>**REPLY IN SUPPORT OF DEFENDANTS N. JOSHUA ADLER, RANJIT KRIPALANI AND JENNIFER S. SANDEFUR'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Date:  May 17, 2012<br>Time:  11:00 a.m.<br>Courtroom:  12<br>Judge:  Hon. Mariana R. Pfaelzer |
| DEXIA HOLDINGS, INC., *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>        Defendants. | CASE NO. 11-CV-07165-MRP (MANx) |

LEGAL_US_W # 71358014.5

REPLY ISO ADLER, KRIPALANI & SANDEFUR'S MTD PLAINTIFFS' AMENDED COMPLAINT

**TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT ....................................................................................1

II.  A SINGLE ALLEGATION OF TITLE CANNOT SUPPORT A SECTION 15 CONTROL PERSON CLAIM ....................................................................................1

III. CONCLUSION ..............................................................................................................5

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Ashcroft v. Iqbal*,
　556 U.S. 662, 129 S. Ct. 1937, 73 L. Ed. 2d 868 (2009) .............................................. 4

*In re Calpine Corp. Secs. Litig.*,
　288 F. Supp. 2d 1054 (N.D. Cal. 2003) ...................................................................... 2

*In re Cylink Secs. Litig.*,
　178 F. Supp. 2d 1077 (N.D. Cal. 2001) ................................................................... 3, 4

*In re Int'l Rectifier Corp. Secs. Litig.*,
　No. 07-02544-JFW, 2008 WL 4555794 (C.D. Cal. May 23, 2008) ...................... 2, 3

*In re Metawave Commc'ns Corp. Secs. Litig.*,
　298 F. Supp. 2d 1056 (W.D. Wash. 2003) .............................................................. 3, 4

*New York City Employees' Ret. Sys. v. Berry*,
　616 F. Supp. 2d 987 (N.D. Cal. 2009) ......................................................................... 2

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
　96 F.3d 1151 (9th Cir. 1996) ....................................................................................... 1

*Rafton v. Rydex Series Funds*,
　No. 10-CV-01171-LHK, 2011 WL 31114 (N.D. Cal. Jan. 5, 2011) ........................ 2

*Wanetick v. Mel's of Modesto, Inc.*,
　811 F. Supp. 1402 (N.D. Cal. 1992) ........................................................................... 2

## I. PRELIMINARY STATEMENT

Plaintiffs' Section 15 control person claims against Defendants N. Joshua Adler,[1] Ranjit Kripalani and Jennifer S. Sandefur are a house of cards, originally premised on the flimsy foundation that each signed a registration statement for offerings of the mortgage-backed securities ("MBS") at issue. As this factor no longer exists, Plaintiffs' control person claims collapse. In their Opposition (Opp.), Plaintiffs attempt to distance themselves from the Court's earlier ruling that the entirety of their allegations were only "marginally sufficient" to plead control. Plaintiffs ignore applicable law in a last-ditch effort to salvage their inadequately pled Section 15 claim. Plaintiffs cannot conceal the fact that their threadbare allegations—*which now include only names and titles*—against Mr. Adler, Mr. Kripalani and Ms. Sandefur are insufficient as a matter of law to plead Section 15 liability. The Section 15 claims against Mr. Adler, Mr. Kripalani and Ms. Sandefur should thus be dismissed with prejudice.[2]

## II. A SINGLE ALLEGATION OF TITLE CANNOT SUPPORT A SECTION 15 CONTROL PERSON CLAIM

"To establish controlling person liability, the plaintiff must show that a primary violation was committed and that the defendant directly or indirectly controlled the violator." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996) (internal quotation marks omitted). Plaintiffs' allegations against Mr. Adler, Mr. Kripalani and Ms. Sandefur in no way meet this standard. Plaintiffs' allegations that consist only of listing Mr. Adler's, Mr. Kripalani's and Ms. Sandefur's titles (*see* Amended Compl. ¶¶ 321-323) are

---

[1] Mr. Adler's Motion to Dismiss was part of the Countrywide Defendants' brief filed by his former counsel. (Dkt. No. 186.) Paul Hastings LLP's Request for Approval of Substitution of Attorney was granted by this Court on May 3, 2012. (Dkt No. 196.)

[2] To the extent applicable to them, Mr. Adler, Kripalani and Ms. Sandefur join in the Countrywide Defendants' Reply Memorandum in Support of their Motion to Dismiss and all papers filed in support there of, and all other defendants' reply briefs and all supporting papers.

not enough to sustain Section 15 liability against them. *See New York City Employees' Ret. Sys. v. Berry*, 616 F. Supp. 2d 987, 1002 (N.D. Cal. 2009) (citing *Burgess v. Premier Corp.,* 727 F.2d 826, 832 (9th Cir. 1984)) ("A director is not automatically liable as a controlling person. There must be some showing of actual participation in the corporation's operation or some influence before the consequences of control may be imposed") (internal quotation marks omitted); *see Wanetick v. Mel' s of Modesto, Inc.,* 811 F. Supp. 1402, 1407 (N.D. Cal. 1992) ("Mere titles are not adequate indicators of control authority").

In the Court's February 17, 2012 Order on the Motions to Dismiss Plaintiffs' Complaint ("Dismissal Order") (Dkt. No. 177), this Court held that listing a defendant's name, title and the defendant's ***signing of the allegedly misleading registration statements*** were "marginally sufficient to support a Section 15 claim." (Dismissal Order at 8.) Similarly, other courts in the Ninth Circuit have held that specific allegations concerning a defendant's title *and* acts *in connection with the primary violation* may be sufficient to support a Section 15 claim. *See Rafton v. Rydex Series Funds,* No. 10-CV-01171-LHK, 2011 WL 31114, at *13 (N.D. Cal. Jan. 5, 2011) ("It is certainly 'plausible' that high level officers . . . who signed the Registration Statements were in a position to exercise control . . .") (emphasis added); *see In re Int'l Rectifier Corp. Secs. Litig.*, No. 07-02544-JFW (VBKx), 2008 WL 4555794, at *22 (C.D. Cal. May 23, 2008) ("Their positions as CEO, CFO, and Chairman of the Board and their signatures on the alleged misleading SEC filings are sufficient at the motion to dismiss stage") (emphasis added); *see In re Calpine Corp. Secs. Litig.*, 288 F. Supp. 2d 1054, 1081 (N.D. Cal. 2003) (No Section 15 liability where plaintiffs' alleged defendants' title and certain signatures on registration statements because plaintiffs "do not allege that any of them signed the [] Supplemental Prospectus [at issue], nor do they allege that they exercised any power or influence over the person or persons who prepared these two documents").

Because this Court's Dismissal Order dismissed all Section 11 claims except those as to CWMBS 2007-5 A2 and CWHEQ 2006-S7 A3 (*see* Dismissal Order at 8), a critical factor of this Court's Section 15 analysis is no longer present in the Amended Complaint—Mr. Adler, Mr. Kripalani and Ms. Sandefur did not sign any registration statements underlying the two MBS offerings currently at issue. Plaintiffs make no allegations that Mr. Adler, Mr. Kripalani and Ms. Sandefur specifically had power and influence or specifically exercised power and influence over the primary violators. In fact, the section of the Amended Complaint alleging Section 15 liability does not even specifically mention Mr. Adler, Mr. Kripalani and Ms. Sandefur, alleging only vague and conclusory statements regarding all defendants and perfunctory recitations of what Plaintiffs believe are necessary for Section 15 liability. (*See* Amended Compl. ¶¶ 378-381.)

Lastly, Plaintiffs fallaciously assert that "Defendants seek to create a new standard for control person liability." (Opp. at 11.) However, it is Plaintiffs who proffer an improperly expansive pleading standard for Section 15 claims that would render allegations of a defendant's name and position sufficient for control person liability. Plaintiffs fail to cite a single case where allegations consisting solely of title were sufficient to plead control. Instead, Plaintiffs' cases only reaffirm that something more than an allegation of corporate title is required to adequately plead control person liability.

Plaintiffs erroneously rely on *Int'l Rectifier*, 2008 WL 4555794, *In re Metawave Commc'ns Corp. Secs. Litig.*, 298 F. Supp. 2d 1056 (W.D. Wash. 2003), and *In re Cylink Secs. Litig.,* 178 F. Supp. 2d 1077 (N.D. Cal. 2001). In *Int'l Rectifier*, the court found control person claims sufficient against three defendants because plaintiffs alleged their positions *"and their signatures on the alleged misleading SEC filings . . . ." Id.* 2008 WL 4555794, at \*22 (emphasis added). However, the court dismissed control person claims as to one defendant where plaintiff only alleged the defendant's position. *Id.* Similarly, in *Metawave,* the

1  court dismissed control person claims, finding that "[defendant]'s titles of President
2  of World Trade and Vice President for Worldwide operations do not establish that
3  [defendant] had control." *Metawave*, 298 F. Supp. 2d at 1091.  In *Cylink*, the court
4  found control person allegations adequate where plaintiffs alleged not only the
5  defendants' title, but also alleged defendants' signatures on registration statements
6  at issue, responsibilities in connection with the alleged misstatements, and the
7  defendants' were alleged to have personally made misleading statements.  *Cylink*,
8  178 F. Supp. 2d at 1081-89.  The allegations against Mr. Adler, Mr. Kripalani and
9  Ms. Sandefur do not come close to the allegations that the *Cylink* Court found
10 sufficient.

11       The Court's Dismissal Order found that weighing all of Plaintiffs'
12 allegations, the scales tipped "marginally" in favor of satisfying the pleading
13 burden for control person liability—that is no longer the case.  Without the
14 defendant's signing of the registration statements for the MBS offerings at issue,
15 the scales now tip towards dismissal.  Under well-settled law, Plaintiffs' bare-
16 bones, conclusory allegations of Section 15 liability against Mr. Adler,
17 Mr. Kripalani and Ms. Sandefur fail to meet any pleading standard.  *See Ashcroft v.*
18 *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 73 L. Ed. 2d 868 (2009)
19 ("Threadbare recitals of the elements of a cause of action, supported by mere
20 conclusory statements do not suffice").  Accordingly, all of Plaintiffs' claims
21 against Mr. Adler, Mr. Kripalani and Ms. Sandefur are plainly insufficient.
22 / / /
23 / / /
24 / / /
25
26
27
28

## III. CONCLUSION

For the foregoing reasons, Mr. Adler, Mr. Kripalani and Ms. Sandefur respectfully request that the Court dismiss the Section 15 claim against them with prejudice.

Dated: May 4, 2012

PAUL HASTINGS LLP
WILLIAM F. SULLIVAN
JOSHUA G. HAMILTON
PETER Y. CHO
JENIFER Q. DOAN

By: /s/ Joshua G. Hamilton
JOSHUA G. HAMILTON

Attorneys for Defendants
*N. Joshua Adler, Ranjit Kripalani* and *Jennifer S. Sandefur*

LEGAL_US_W # 71358014.5                            -5-

REPLY ISO ADLER, KRIPALANI & SANDEFUR'S MTD PLAINTIFFS' AMENDED COMPLAINT