UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-CV-07165 MRP (MANx) | Date | June 1, 2012 |
|---|---|---|---|
| Title | DEXIA HOLDINGS, INC., et. al. v. COUNTRYWIDE FINANCIAL CORPORATION, et al., | | |

| Present: The Honorable | **MARIANA R. PFAELZER** | | |
|---|---|---|---|
| Cynthia Salyer | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:** (In Chambers)

### ORDER RE: MOTIONS TO DISMISS

On February 17, 2012, this Court issued an order dismissing without prejudice: (i) fraud, fraudulent inducement, and Securities Act claims that concern title transfer allegations; (ii) Section 15 claims against Countrywide Home Loans Servicing LP and Angelo Mozilo; (iii) aiding and abetting fraud claims against all defendants; (iv) negligent misrepresentation claims against all defendants. February 17, 2012 Order (the "Dismissal Order"), ECF No. 177. The Court granted leave to amend those claims. *Id.* Plaintiffs filed an Amended Complaint (the "AC") on March 9, 2012. ECF No. 179. The AC made no changes to these claims (AC at 1 n.1); Opp. at 12–13. The claims identified above are therefore now **DISMISSED WITH PREJUDICE** for the reasons set out in the Dismissal Order.

The AC adds new allegations regarding Bank of America. The Bank of America Defendants moved to dismiss the claims against them based on the Court's decision in *Allstate Insurance Company v. Countrywide Financial Corporation.* No. 2:11-cv-5236-MRP (MANx), 2012 WL 335730 (C.D. Cal.). As detailed in the Opposition and the Court's April 26, 2012 Minute Order in this case, that motion is unopposed. ECF No. 194. Claims Four, Nine, Ten, and Eleven of the AC are therefore **DISMISSED WITH PREJUDICE**.

The AC asserts a claim for violation of Section 12(a)(2) of the Securities Act with respect to CWHEQ 2006-S7 A3 and CWMBS 2007-5 A2 as against Countrywide Securities Corporation ("CSC") and CWALT, Inc., CWABS, Inc., CWMBS, Inc., and CWHEQ, Inc. (The "Depositor Defendants"). (AC ¶ 370). The Dismissal Order dismissed all of the Section 12(a)(2) claims against the Depositor Defendants with prejudice. Dismissal Order at 6–7. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 11-CV-07165 MRP (MANx) | Date | June 1, 2012 |
|---|---|---|---|
| Title | DEXIA HOLDINGS, INC., et. al. v. COUNTRYWIDE FINANCIAL CORPORATION, et al., | | |

Dismissal Order also dismissed the Section 12(a)(2) claims against CSC with respect to CWMBS 2007-5 A2 with prejudice. *Id.* Those claims have been dismissed with prejudice and are therefore **STRICKEN** from the AC.

Defendants have moved to dismiss certain of Plaintiffs' common law claims under the New York borrowing statute. C.P.L.R. § 202 holds that, when a cause of action accrues in favor of a non-New York resident, the cause of action must be timely under the laws of both New York and the jurisdiction where the cause of action accrued. C.P.L.R. § 202. In a different case, the Court recently held that a corporation with its principal place of business in New York is a resident of New York for purposes of C.P.L.R. § 202. *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 2:11-ML-02265-MRP, 2012 WL 1869898, at *3–7 (C.D. Cal. May 23, 2012). That holding applies here; each of the plaintiffs is alleged to have its principal place of business in New York. Complaint ¶¶ 15–17. C.P.L.R. § 202 therefore does not apply. The Court **DENIES** Defendants' motions to dismiss on the basis of the New York borrowing statute.

Defendants Adler, Kripalani, and Sandefur have moved to dismiss the Section 15 claims against them on the grounds that they did not sign the registration statements at issue. The AC nevertheless alleges that Adler, Kripalani, and Sandefur were high-ranking officials and that they controlled Countrywide's actions with respect to the Certificates at issue. These allegations are sufficient at the pleading stage. The Court therefore **DENIES** Adler, Kripalani, and Sandefur's motions to dismiss the Section 15 claims against them.

IT IS SO ORDERED.